ROE, *cas ejector*, and JOHN E. McGREGOR, tenant, plaintiff in error, *vs.* DOE, *ex dem*, of NATHAN G. CHRISTIE, defendant in error.

Although this Court would have been satisfied with the verdict of the jury in favor of the defendant, yet, as the Court below has granted a new trial, we will not control its discretion in doing so. This Court is always more reluctant to control the discretion of the Court below, in granting a new trial, than in refusing it.

Ejectment. Motion for new trial. Before Judge CLARKE. Terrell Superior Court, May Term, 1867.

This was ejectment for L. L. 163, in the 4th District of said county, upon the demise of Nathan G. Christie, against John A. McGregor, tenant in possession.

Plaintiff read in evidence the grant from the State of said lot to James Calahan, a deed from James Calahan to said Christie, made in Eufaula, Alabama, in presence of E. B. Young, and Henry A. Young, Notary Publics, and dated 20th December, 1855. (This deed was drawn from defendant's possession.) Having shown the *locus in quo*, and that the tenant was in possession of the premises at the commencement of the suit, plaintiff closed.

Defendant then read in evidence a deed to said lot from Richard Calahan to James Johnson, dated 11th May, 1855. The defendant then read the interrogatories of several witnesses, to-wit: Of the Clerk and Sheriff of Jackson county, Florida, the Judge of Probate, the Sheriff, the Clerk, and County-Surveyor of Walton county, Florida, all of whom were old residents and officers in Jackson county, Florida, where said James Calahan professed to reside, and testified that no such man ever lived there, so far as they knew. On the plaintiff's part, there were several sets of interrogatories, showing that James Calahan did reside in Georgia, in Montgomery county, and then in Decatur county, and went from Georgia to West Florida. One of these witnesses said he married Calahan's niece, and another was his mother. There was some other testimony as to the existence of James Calahan.

The verdict was for the defendant. Plaintiff moved for a new trial, on the ground that the verdict was contrary to the evidence, etc. The Court granted a new trial, and of that complaint is made.

LYON & IRWIN, for plaintiff in error.

E. L. DOUGLASS, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case is the granting of a new trial. From the evidence in the record, we should have been satisfied with the verdict of the jury in favor of the defendant. The weight of the evidence, we think, goes to show that James Calahan, who executed the deed to the lot of land in Eufaula, Alabama, was not *the* James Calahan who drew the lot of land; but the Court below having granted a new trial in the case, thereby giving to the parties another opportunity to be heard, we will not control the discretion of the Court in doing so This Court is always more reluctant to control the discretion of the Court below in granting a new trial, than in refusing it. Let the judgment of the Court below be affirmed.