JOHNSON *vs.* FRANKLIN & WHITNEY.

Where the head of a family had set apart as exemption certain farm products which were afterwards used and consumed in the purchase of provisions, clothing and other necessaries, for the use of himself and family, to enable them to make a crop the next year, the crop so made would be exempt, especially where it does not appear to be greater than the original exemption.

Homestead. Levy and sale. Before Judge POTTLE. Elbert Superior Court.  March Term, 1879.

Reported in the decision.

SHANNON & MCINTOSH; H. A. ROEBUCK; HARRISON & CONNALLY, for plaintiff in error.

JAMES N. WORLEY; W. G. JOHNSON, for defendants.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from a justice court.  It appears from the record that the case tried in the justice court was a claim case, and that the justice decided it in favor of the claimant.  On the hearing of the *certiorari* in the superior court, the court sustained it, and reversed the judgment of the justice.  Whereupon the claimant and defendant in *certiorari* excepted.

It appears from the evidence, that on the 19th of October, 1878, the *fi. fa.* was levied on 700 pounds of seed cotton, and 100 bushels of corn, as the property of Johnson, the defendant in *fi. fa.*, who claimed it as the agent of his wife

Johnson *vs.* Franklin & Whitney.

and minor children, as being the proceeds of an exemption of personalty set apart for the benefit of his wife and minor children. It further appears from the evidence, that on the 5th of January, 1878, there was set apart as an exemption of personalty one bale of cotton, and 150 bushels of corn made in the year 1877, and that said exempted property was used and consumed in the purchase of provisions, clothing and other necessaries for the use of himself and family, to enable them to make the cotton and corn now levied on, on rented land, and that was his part of the crop for 1878, after payment of rent, and the question is, whether the cotton and corn made in 1878, under this statement of facts, is also exempt from levy and sale? This case comes within the principle ruled by this court in *Wade vs. Weslow*, decided at the February term, 1879, not yet reported. It is true the corn and cotton was made on rented land, but the claimant held the exempted corn and cotton made in 1877, in trust for the benefit of his wife and children, and we think it, or the proceeds thereof, was properly invested by him in that which was necessary, in conjunction with his and their labor, to enable them to make a support for the year 1878, by the production of the corn and cotton levied on—the more especially as it does not exceed in quantity the corn and cotton which was exempted from levy and sale. Besides, it is the policy of the law to encourage industry and thrift in an honest, legal way, instead of discouraging it. In view of the evidence in the record, the court erred in sustaining the *certiorari* and reversing the judgment of the justice.

Let the judgment of the court below be reversed.