### THE CITY OF ATLANTA *vs.* BELLAMY.

Although this court would not have disturbed a verdict, were they vested with discretion to grant or refuse new trials, such discretion is vested in the judges of the superior court, and unless it has been palpably abused, the grant or refusal of a new trial, on the ground that the verdict is not supported by the evidence, will not be reversed.

(a.) Suits against municipal corporations for damages resulting from slight depressions or elevations made by displacing paving, flag stones or bricks used in the construction of streets should be discouraged.

April 25, 1884.

New Trial. Municipal Corporations. Damages. Before Judge CLARK. City Court of Atlanta. December Term, 1883.

W. C. Bellamy brought case against the city of Atlanta for damages resulting from a fall, which he alleged occurred by reason of the defective condition of the paving on the sidewalk of one of defendant's streets, negligently allowed to remain in that condition after notice and opportunity to repair.

On the trial, it was proved that plaintiff stepped into a depression or hole in the sidewalk, while passing along, about dusk in the evening, fell and was injured. The evidence as to plaintiff's habits of sobriety and the nature and extent of the injury was conflicting. As to the character of the hole into which plaintiff stepped, he testified as follows: "The hole in the sidewalk, which caused my fall, was about four inches wide, I think, and was as long as the flag stone was wide, say about eighteen inches long,

and I should judge it was several inches deep. It was about dusk when I stepped on the edge of the hole, and I did not see the hole; I don't think I ever saw the identical hole before. At the time I fell, I was walking in ordinary way."

Lynch, a witness for the plaintiff, described it as follows: " The hole had been there seven or eight months before the Saturday evening on which I saw a man fall and two negroes pick him up. A common brick would more than fill up the hole. It was where two flag stones did not exactly come together, and most of the time a brick was in it, and frequently it was filled up with dirt, but the water would occasionally wash it out. The hole was not as deep as a brick of common size, and about as long. The hole was longer than a brick, say about nine or ten inches, about four inches wide, and not quite as deep as a brick is thick, less than two inches deep. I filled the hole up myself several times, but it would wash out again. The flag stones did not fit up close at first, and my opinion is that the hole was there from the time the sidewalk was made."

The jury found for defendant. Plaintiff moved for a new trial, which was granted, and defendant excepted.

E. A. ANGIER; W. T. NEWMAN, for plaintiff in error.

READ & CANDLER; REUBEN ARNOLD, for defendant.

HALL, Justice.

This is the first grant of a new trial in this case, which we think was hardly warranted by what is disclosed in the record. There was some evidence, however, upon which the jury might have found differently, though its decided weight, as it appears to us, is in favor of the verdict. It is impossible to place ourselves in the position of the able and experienced judge who presided at the trial, and to have communicated to us what occurrences, during its pro-

gress, may have influenced his action; doubtless he had what he deemed sufficient and satisfactory reasons for his course.   He alone can exercise a sound discretion in granting or refusing a new trial. whether the verdict is sustained by the decided and strong weight of the evidence or by slight evidence only.   It would require an extreme case to justify our interference with the exercise of this discretion—one in which an abuse of the power was palpable.   This is the invariable rule of our action.   We think it conservative, prudent and wise, and although in some instances it may work hardship, yet in the vast majority it tends to the maintenance of right and justice.

We hesitate not to say, from what we can gather from the proceedings before us, that we would not have disturbed this verdict, but, as before remarked, we had none of the advantages of observation possessed by the judge who conducted the trial and saw and heard all that transpired in its progress.   We think that no encouragement should be given to actions brought against towns and cities for the recovery of damages resulting from slight depressions or elevations made by displacing paving or flag stones, or bricks used in the construction of sidewalks and streets.   As was remarked by Mr. Justice Crawford, in *Rivers vs. The City Council of Augusta,* 63 *Ga.,* 378, "Calamities and casualties are common to all, but because they occur, it by no means follows that such as may be so unfortunate are entitled to recover compensation in damages out of some person, either natural or artificial, who may be able to respond, notwithstanding it appears that such impressions are beginning largely to prevail." We cannot entertain the idea that "municipal corporations are insurers against accidents upon streets and sidewalks, or that every defect therein, though it may cause the injury sued for, is actionable.   It is sufficient if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary mode, by night as well as by day."   To require higher care

and diligence, at the hands of the public authorities, would exceed the resources at their command, and would entail upon the community an unsupportable burden. It is impossible to ascertain speedily when the bricks, paving and flag stones on the streets are out of place, and to keep promptly in repair at all times trifling defects resulting from such causes. In all suits for damages resulting from such causes, these considerations should have weight with juries, whose peculiar province it is to pass upon questions of negligence, under directions from the court.

Judgment affirmed.