## THE CITY OF ATLANTA vs. BROWN.

1. Where a recovery was had against a city for an injury to a passenger walking over a rough place in its sidewalk, the fact that the presiding judge, in the order overruling a motion for a new trial, stated that, "in his judgment the alleged injury was, or should not be an actionable defect; as to require the city to remedy such slight imperfections, would be to impose upon it an extraordinary degree of diligence; but as he had fully and fairly charged the jury as to the defect being actionable, and they, having found in favor of the plaintiff on that question, he felt that he should not disturb their verdict," did not render his refusal of a new trial an improper use of his discretion.

(a.) Discretion in refusing a new trial should not be arbitrarily exercised, but in case of preponderance of evidence, this court has never controlled the discretion of the lower court in granting or refusing a new trial.

2. It is somewhat uncertain whether the plaintiff was asked as to statements made elsewhere by her, conflicting with the evidence she gave on the trial, for the purpose of impeaching her, or whether such statements were treated as admissions against her interest; but it is evident that they were used for the latter purpose, and there was no error in charging that admissions should be scanned with care and received with caution, and that the jury should look to the circumstances under which they were made, and ascertain whether they were freely, voluntarily and understandingly made.

(*a.*) If the statements were resorted to for the sole purpose of impeachment, they could be used for nothing else.

(*b.*) If the charge of the court was not sufficiently full, his attention should have been called thereto, and a fuller charge requested.

3. Although a charge, when taken alone, may seem objectionable, yet, if read in connection with the entire charge, it is full and fair, it will not require a new trial.

January 21, 1885.

New Trial. Charge of Court. Practice in Supreme Court. Admission. Before Judge DORSEY. City Court of Atlanta. March Term, 1884.

To the report contained in the decision, it is only necessary to add that the grounds of the motion for new trial were as follows:

(1) to (3.) Because the verdict was contrary to law, evidence and the charge of the court.

(4.) Because the court erred in the following charge to the jury, upon the contradictory statements of plaintiff and her mother to Mrs. Lee Brown as to treading and slipping on a banana peeling being the cause of her fall, and plaintiff's saying to Mrs. Lee Brown, that she didn't object to getting a fall, so as to make money out of the city: "The law says that admissions must be scanned with care and received with caution. You have heard the evidence on that subject. The circumstances under which they were made you are to judge of; whether they were made understandingly ; whether or not the party alleged to have made them understood what they were. You will look at all the circumstances ; if they were freely, and understandingly, and voluntarily made, why they would be entitled to such credit as you will, in your judgment, see fit to give them."

(5.) Because the court erred in the following charge to the jury: "If you should further believe from the evidence that said injury to the plaintiff was an accident, and that the negligence of the city in no wise contributed to such injury, then you should find a verdict for the de-

fendant,"—error being assigned on the clause, "and the negligence of the city in no wise contributed to such injury."

The motion was overruled, and defendant excepted.

W. T. Newman; E. A. Angier, for plaintiff in error.

Hoke & Burton Smith, for defendant.

Hall, Justice.

The plaintiff brought suit to recover damages from the city of Atlanta for a personal injury, which she alleged was done her by reason of a fall, while she was walking, with all care and caution, on the north side of East Mitchell street in said city; that this fall was on a rough sidewalk, which had been made of bricks, and in consequence of the rough and broken condition of the same and the steep grade of an adjoining stone pavement; that the bricks which composed the said sidewalk had been torn up and loosened from their positions, and it was in an unsafe condition; that the city, though knowing at that time, and previous thereto, the condition of the sidewalk, had, through gross negligence, failed to repair it, so as to make it a reasonably safe way for persons to pass over. The jury found a verdict for the plaintiff, assessing her damages at $500.

The defendant moved for a new trial, on various grounds, which was refused by the court. The judge stated in the order overruling the motion, "That, in his judgment, the alleged defect was, or should not be an actionable defect; as to require the city to remedy such slight imperfections in the sidewalks, would be to impose upon it an extraordinary degree of diligence, but as he had fully and fairly charged the jury as to the defect being actionable, and they having found in favor of the plaintiff on that question, he felt that he should not disturb their verdict."

1. It is insisted that this was not an untramelled and free exercise of the judge's discretion; that to refuse the

motion, with such impressions resting upon his mind, was a virtual, if not actual, abuse of such discretion. To this, however, we do not assent; it seems to us that it does not amount to an abuse, but is rather a reluctant forbearance to exercise his discretion, although strongly inclined to do so, in favor of the defendant. Upon the whole, he concluded to let the verdict stand, and we are to look to this conclusion as the exercise of his discretion, rather than to the reasons that led him to hesitate, before interfering with the finding of the jury. A new trial was granted by the judge of the lower court in *The City of Atlanta vs. Bellamy*, 72 *Ga.* 420, and we refused to interfere, although we were well satisfied that the verdict was supported by the law, and was in accordance with the decided weight of the evidence. Had we been on the jury, we would have returned the same verdict, but as the discretion to grant or refuse the new trial was in the presiding judge, and we differed with him only as to the propriety of its exercise, even in that extreme case we could not say that it had been palpably abused, and did not feel authorized to interpose. We could, perhaps, interfere with more propriety in a case where the verdict was decidedly and strongly against the weight of evidence and a new trial had been refused, than in one where, under such circumstances, it had been granted. There are certainly decisions justifying interference in the case suggested. 37 *Ga.*, 557; 35 *Id.*, 271. Discretion in refusing a new trial should not be arbitrarily exercised. 54 *Id.*, 224; 31 *Id.*, 365 ; 30 *Id.*, 212. But in cases of a preponderance of evidence, this court has never controlled the discretion of the lower court in granting or refusing a new trial. Code, §§3713, 3717, and citations. Yielding our hearty assent to this rule, we must decline to interfere with the exercise of discretion in refusing a new trial in this instance. The evidence here is conflicting upon the main points in controversy, and when closely scrutinized,

is as much, or perhaps more, in favor of than against the verdict.

2. The plaintiff was examined as a witness, and she was asked as to statements made elsewhere conflicting with the evidence she gave on the trial. It is somewhat uncertain whether these statements were relied on solely for the purpose of impeaching her, or whether they were treated as admissions against her interest; it is, however, quite evident that they were used for the latter purpose and in that light. We perceive no error in the instructions given by the court as to the weight to which they are entitled as original evidence. That admission should be scanned with care, and received with caution, is beyond question, and that the jury should look to the circumstances under which they were made and ascertain whether they were freely, voluntarily and understandingly made, is equally clear and indisputable. If resorted to for the sole purpose of impeachment, they could be used for nothing else. 7 *Ga.*, 467, 469, 471; *Smith vs. Page, adm'r, et al.*, 72 *Ga.*, 539.

There was, therefore, no error in the charge excepted to in the 4th ground of the motion for a new trial. If it omitted anything, the attention of the judge should have been called to this omission and a fuller and more explicit charge requested.

3. The fifth ground of the motion makes the only other exception which requires notice. The court charged the jury, "if they should believe from the evidence that the plaintiff's injury was the result of an accident, and that the negligence of the city in nowise contributed thereto, then they should find for the defendant." Exception is taken to the qualification contained in the words, "and that the negligence of the city in nowise contributed to such injury." Standing alone and disconnected from other portions of the charge, there would be much force in this objection, as the latter part of it is apparently inconsistent with and contradictory of the former, but when read

in connection with the entire charge, which was fully as favorable as the defendants could have asked, the exception is altogether untenable, and can be sustained, if at all, only by giving to the term "accident" its strict technical and legal, rather than its ordinary and popular, signification. When we consider the connection in which it occurs, it is evident that it was used in the latter sense. It will be found in the conclusion of the charge upon the subject of such negligence as would either render or excuse the defendant from liability. The judge immediately proceeds to charge the jury upon the subject of "accident," in its legal and technical sense, and instructs them, "if they believe from the evidence that the plaintiff stepped upon a banana peeling, and this caused the accident to her, and that it was the proximate and real cause of the injury to her, the city would not be liable in damages. But if, on the other hand, the negligence of the city, as alleged in the declaration, caused it, and not the act alluded to, the city, according to other rules given in charge in reference to negligence, would be liable." No other complaint than this is made of this charge, and we are satisfied that this is groundless. Every other proposition that it contains is conceded to be the law which is applicable and pertinent to the facts in proof, and as the evidence is sufficient to authorize the verdict, and the judge was content to let it stand, we cannot do otherwise than order the judgment affirmed. This case is almost identical in its facts with that of the *Mayor, etc., of Macon vs. Whitehurst*, as will be seen from the record in that case, which was affirmed here because there was no abuse of discretion in refusing a new trial. 62 *Ga.* 157.

Judgment affirmed.