### BUTLER & HEATH *vs.* SHIVER *et al.*

The property protected against waiver of exemption, and as to which no waiver can be effectual, is wearing apparel, household and kitchen furniture, and provisions. Cotton belongs to none of these classes, and though produced by labor performed under sustenance afforded by exempt provisions, it does not take the place of the provisions consumed in its production, and is not exempt.

May 4, 1887.

Homestead. Exemptions. Waiver. Before Judge Bower. Mitchell Superior Court. November Term, 1886.

To the report contained in the decision, it is necessary to add only that this case was submitted to the decision of the presiding judge on both law and facts, and to his judgment, holding the property levied on not subject, a bill of exceptions was filed.

BUSH & TWITTY, by brief, for plaintiffs in error.

No appearance for defendants.

BLECKLEY, Chief Justice.

In the contract creating the debt there was a waiver of all homestead and exemption rights. The debt was reduced to judgment, execution issued, and was levied upon two bales of cotton. This cotton was produced by the

debtor's labor whilst he subsisted on provisions which, in the previous year but after the waiver, had been, as may be conceded, duly set apart as exempt.   We may assume for present purposes that all was done which *Sasser vs. Roberts*, 68 *Ga.* 252 (a very extreme authority), requires.

The question is, whether the waiver will take effect against the cotton, though it would not and did not against the provisions?   And why would it not against the provisions?   Simply because of the saving in the constitution. Code, §5212.   This saving applies specifically to wearing apparel, household and kitchen furniture, and provisions, nothing else—all of them necessaries for the supply of ever-present or constantly recurring wants.   There is no purpose to build up with or around the exempt articles anything like a homestead or exemption estate.   They are not regarded as capital for accumulation of other property, but simply as necessaries for use whilst they last.   When worn out or consumed, and other articles of like kind are acquired, no matter how, these latter may be claimed as exempt, not as products or successors of the former, but as an original stock, just as though the former had never existed.   Each and every stock of such articles is original, and there is no limit to the number of stocks that may be claimed and set apart.   The only limit is as to the kind of property and its value, the value of furniture and provisions being restricted to $300.00, but this restriction relates to what may be held as exempt at one and the same time; the aggregate value, adding successive times together, is unlimited.   As often as the supply runs down below $300.00, it may be recruited by fresh exemptions up to that amount.   No article, however, can enter into the new exemptions that could not have been included in the old.   Nothing is within the saving of the constitution but wearing apparel, furniture and provisions.   All other property, whether traceable back to these as the source of production or not, is affected by the waiver of exemption. The property protected against waiver of exemption, and

as to which no waiver can be effectual, is wearing apparel, household and kitchen furniture, and provisions. Cotton belongs to none of these classes, and though produced by labor performed under sustenance afforded by exempt provisions, it does not take the place of the provisions consumed in its production, and is not exempt. Code, §§5212, 2039 (a), (b).

Doubtless the court below analogized this case to *Wade vs. Weslow*, 62 *Ga.* 562; *Johnson vs. Franklin*, 63 *Ga.* 378; *Dodd vs. Thompson, Id.* 393, and perhaps other cases more or less similar, but those cases relate to regular homestead or exemption estates, and this does not. In those cases, there was no waiver; here, on the contrary, there was a waiver, and the question is between waiver and saving, not between lien and income. A homestead or exemption estate exists mainly for the sake of income; the saving in the constitution is chiefly, if not solely, for use and consumption; income is not expected from clothes, provisions and household and kitchen furniture; above all, a homestead or exemption estate is not restricted to specific forms of property, such as apparel, provisions or furniture, in order for there to be any exemption at all, but this restriction is of the very essence of the constitutional saving.

Judgment reversed.