## WILSON *vs.* McMILLAN.

The word "provisions," as used in both the constitution and the statutes of this State, means something in a condition to be consumed as food, such as meal, meat, etc., needing no change but cooking. Hence a milch cow, not set apart to a debtor or his family as a cow, but as provisions, is included in and subject to a general waiver of homestead exemption by the debtor, though it be shown that the milk of the cow was and is used as an article of food by such family.

May 4, 1888.

Homestead. Exemptions. Waiver. Words and phrases. Before Judge HUTCHINS. Gwinnett superior court. September term, 1887.

A justice's court *fi. fa.* was levied on a red milch cow as the property of Wilson, and the animal was claimed by his wife for herself and minor children. On the trial, the claimants showed, assuming the burden of proof (as the property was in possession of the defendant), that her husband refusing to apply, she had the cow and some other articles set apart regularly to her and her children as exempted provisions ; that all the property so set apart was less than $200 in value ; that the cow was a milch cow and her milk was regularly used by the family as an article of food, and she was giving milk at the time of the levy and for months before the trial. The plaintiff introduced his *fi. fa.* and the note on which it was founded,

which was a rent note with a general waiver of homestead; and showed by some of defendant's neighbors that the cow could not have been giving milk, having a calf only two or three weeks old. In rebuttal, the defendant testified that the cow had a young calf; and that he was mistaken as to the time when she would likely calve, and milked her to within a few days of that time.

The jury found the property subject. The claimant sued out a *certiorari*, alleging that the verdict was erroneous because the cow had been allowed her as provisions, and being in law provisions, was not subject to the *fi. fa.* On the hearing, the *certiorari* was dismissed and a new trial refused; and the claimant excepted.

F. F. JUHAN, for plaintiff in error.

C. H. BRAND, *contra.*

BLANDFORD, Justice.

This case involves the question of whether a milch cow shall be exempted as "provisions," under the homestead laws of this State. The plaintiff in error had given a promissory note to the defendant in error, in which he waived all homestead and exemptions; and he afterwards sought to avoid it by applying to have set apart the property exempted under art. IX, sec. 2, paragraph 1 of the constitution, (code, §5212,) which provides that a debtor may waive his right to the exemptions provided for in the constitution, except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions, etc. The cow was not set apart as a cow, but as "provisions." Under our statutes, we think the legislature has made a distinction between a cow and provisions. This may be seen by examining what is called the "short" homestead, (code, §2040). Under that statute, a person may have set apart to him "one cow and calf," "fifty dollars worth of provisions,"

etc.; from which it is clear that the legislature had in mind a distinction between a cow and provisions. We think the word provisions, as used both in the constitution and the statutes of this State, means something in a condition to be consumed as food, such as meal, flour, lard, meat and other articles of that kind—articles which need no change but cooking. The statute seems to have drawn a distinction between provisions and hogs, cows, etc.

We think the court below was right in the construction he put upon this law; and the judgment is affirmed.