## STAPLES *vs.* KEISTER.

Debts due a physician in the earning of which his skill was the principal factor, and the use of exempted property, such as the living in a house set apart as a homestead and riding an exempted horse in paying his physician's calls, were merely incidents, were not exempt from garnishment on the ground that they were the proceeds of a homestead and exemption set apart to the physician as head of a family. *Wade vs. Weslow,* 62 *Ga.* 562; *Johnson vs. Franklin & Whitney,* 63 *Ga.* 378; *Kupferman vs. Buckholts,* 73 *Ga.* 778, cited and distinguished.

December 19, 1888.

Homestead. Exemptions. Garnishment. Before Judge FAIN. Murray superior court. August term, 1888.

Reported in the decision.

TRAMMELL STARR, by T. W. AKIN, for plaintiff.

W. C. MARTIN, for defendant.

SIMMONS, Justice.

W. H. Staples obtained a judgment against Dr. Keister, and thereupon sued out summons of garnishment, and served Ramsey and Jones, who answered that they owed Keister. Keister claimed these debts as part of the proceeds of a homestead and exemption obtained by him as head of a family. On the trial of the case in the magistrate's court, the claimant showed that, in 1882, he had set apart for himself and his family a homestead and exemption aggregating the sum of $1,-529.90; that it consisted of realty, $650; a horse, $70; drugs and medicine and furniture, $75; professional and other books, $15; and various notes and accounts, making the balance. He further showed that the accounts due him by the garnishees were for services rendered by him as a physician. He could not say that in rendering such services he used any of the medicine or other property set apart as a homestead, except that as to the service for which Jones owed him, he rode the horse which had been exempted; he walked to Ramsey's. He lived in the house included in the homestead, and had from time to time collected the accounts exempted and used the proceeds in the support of his family. He used the medical books also. The accounts garnished were for medicine administered, pro-

fessional skill and physical labor, the principal charge being for physical labor done by him. He testified that the garnished accounts were made since the homestead was set apart; and that they could not have been made or earned by him except in connection with the homestead.

On the trial of the case, the jury returned a verdict for the plaintiff. The claimant took the case, by *certiorari*, to the superior court, alleging that the verdict was against the evidence and contrary to law, the funds in the hands of the garnishees not being subject. The court sustained the *certiorari* and granted a new trial; whereupon the plaintiff in *fi. fa.* excepted, and brought the case here for review.

We think the court erred in holding that the accounts garnished were proceeds of the homestead, and therefore were exempt. The code, §2026, provides that "all produce, rents or profits arising from homesteads in this State shall be for the support and education of the families claiming said homesteads, and said produce, rents or profits, as aforesaid, shall be exempt from levy and sale, except as is provided for in the constitution," etc. We cannot see how these accounts can be treated as proceeds of the homestead. In order to be exempt, under this section of the code, they must have been " produce, rents or profits " arising directly from the use of the homestead or exempted property, such as crops and rent from the realty, and the profits or increase of the personalty. We do not think that this statute or the constitution intended to exempt proceeds or earnings of professional men, whose skill is the principal element which produces the earnings. It was not the use of the house nor the physical labor of Dr. Keister which produced the earnings in controversy in this case, but it was his medical skill which prompted

his patients to send for him, and which authorized him to attend them and charge them for his services.

We are cited by the plaintiff in error to the following cases : *Wade vs. Weslew*, 62 *Ga.* 562; *Johnson vs. Franklin & Whitney*, 63 *Ga.* 378; *Kupferman vs. Bucholts*, 73 *Ga.* 778 ; but these cases are different in their facts from the case under consideration. In these cases, the exempted property was the principal, and the labor of the head of the family was the incident; it was the use of the exempted property that produced the proceeds which were to be declared exempt, under the rulings therein. But in the present case, the skill of a professional man is the principal which produced the proceeds, and the use of the exempted property was a mere incident.

Judgment reversed.