COCHRAN *v.* HARVEY *et al.*

Corn on the ear in the shuck is provisions within the meaning of that clause of the constitution restricting the waiver of exemptions, and under section 2039(b) of the code the same may be claimed and set apart as provisions, after which it will be exempt, notwithstanding any waiver, provided that all the property embraced in the exemption does not exceed three hundred dollars in value. The case of *Wilson* v. *McMillan*, 80 *Ga.* 733, rules correctly and authoritatively that a milch cow is not provisions, but the definition of the word "provisions" as given therein is too narrow.
February 1, 1892.

Waiver of exemption. Provisions. Before Judge HARRIS. Campbell county. At chambers, November 23, 1891.

In January, 1891, Cochran applied for exemption under section 2040 of the code, and had set apart certain furniture, tools, books, seventy dollars worth of provisions, fifty bushels of corn, and one thousand pounds

of fodder. In October, 1891, an execution against him in favor of Harvey, based on a judgment rendered in 1887 on a note given in 1885 containing a waiver of exemption and in which there was no usury, was levied on certain property, including one hundred bushels of corn more or less. Under section 2039(b) Cochran applied to the ordinary to have set apart to him, as provisions, fifty bushels of corn as exempt from levy and sale, stating that he and his wife had selected and set apart this corn which had been levied on, which was worth about thirty dollars and was the only provisions levied on under the *fi. fa.*; and that it was the only means petitioner had to supply his wife and children with provisions and the necessary food. Upon this application an order was passed by the ordinary, reciting that Cochran had had exempted to him fifty bushels of corn under section 2040, and that it appeared that the corn exempted had been consumed in making Cochran's present crop, and it was ordered that the fifty bushels mentioned in the last petition be set apart in lieu of the fifty bushels set apart under section 2040. Cochran then filed his petition seeking to enjoin the sheriff from proceeding to sell the fifty bushels. Under agreement of counsel the question passed on by the judge was as to whether corn in the shuck and ear was provisions as contemplated in the constitution and laws of Georgia, so that it could be claimed as exempt against a judgment based on a note waiving homestead and exemption. The judge refused the injunction, and Cochran excepted.

GEORGE LATHAM, for plaintiff in error.

J. F. GOLIGHTLY, *contra*.

BLECKLEY, Chief Justice.

By the constitution (Code, §§5212, 5214) the debtor has power to waive or renounce in writing his right to the benefit of the exemptions allowed him, whether by

v 88-23

the code or the constitution, "except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions." The question is as to whether the word "provisions," as here used, will include corn on the ear in the shuck. Concessions made by law to the poor are to be construed liberally. Certainly a liberal interpretation would dictate an affirmative answer to this question, and the authorities in other States bear in that direction. Atkinson v. Gatcher, 23 Ark. 101; Mulligan v. Newton, 16 Gray, 211; King v. Moore, 10 Mich. 538; Thompson, Homesteads, §§815, 816; Freeman on Executions, §§233, 236a. To our minds the matter would be free from all doubt were it not that in section 2040 of the code, where the statutory exemptions are provided for, corn is mentioned specifically immediately after the exemption of provisions has been dealt with. But this does not oblige us to hold that corn is not provisions, but only that where the debtor claims his exemption under the code, and gets his full allowance of corn as there limited in bushels, he cannot take more corn under the general name of provisions. Differing from the code, the constitution names neither corn nor any other article of provisions. It uses the general term only, and that term appropriately describes whatever is fit for the food of families and is usually eaten as food. With our people, this comprehends Indian corn, and there is no good reason why it should not be treated as provisions, though it may have to be subjected to various processes, such as shucking, shelling, grinding and baking, before it is brought to the table. The scheme of the constitution is that every debtor who is the head of a family shall be entitled at all times to hold free from levy and sale, provided it is duly set apart, three hundred dollars worth of provisions and household and kitchen furniture; the whole of it in provisions if there be no furniture, and

the whole of it in furniture if there be no provisions; and if a part be in one, then the residue in the other. No waiver he can make will deprive him of this exemption, and at any time he may have the property set apart to him in accordance with section 2039(b) of the code, after which the property, if not in excess of the constitutional limit, will be protected. The case of *Wilson* v. *McMillan,* 80 *Ga.* 733, was well decided on the only question which was really involved in it. The case is good and sound authority for the holding that a milch cow is not provisions; but the definition of this latter term, which it supplies *arguendo,* is too restricted. This was discovered when the opinion was first published in the Southeastern Reporter, vol. 6, page 182. The word corn was then stricken from it, but this, it seems, did not carry the correction far enough. Without offering any definition of our own, we are confident that that proposed by Mr. Justice BLANDFORD is not quite accurate.

The court erred in not granting the injunction prayed for.                                              *Judgment reversed.*