## The Kansas City, Fort Scott & Memphis Railroad Company v. T. G. Graham.

**No. 13,317.** ( 74 Pac. 232.)

SYLLABUS BY THE COURT.

RAILROADS—"*Provisions*" *Defined*. The word "provisions," used in section 5864, General Statutes of 1901, includes corn, oats, and bran.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed November 7, 1903. Affirmed.

*L. F. Parker*, and *Pratt, Dana & Black*, for plaintiff in error.

*Ogg & Scott*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The American Engineering and Construction Company contracted with the plaintiff in error railroad company to build a second track for it between Merriam and Olathe, in Johnson county. No bond conforming to the statute was taken by the railroad company from the contracting company for the protection of laborers, mechanics, material-men, and others, as required by section 5864, General Statutes of 1901. That section reads :

"That whenever any railroad company shall contract with any person for the construction of its road or any part thereof, such railroad company shall take from the person with whom such contract is made a good and sufficient bond, conditioned that such person shall pay all laborers, mechanics and material-men, and persons who supply such contractor with provisions or goods of any kind, all just debts due to such persons, or to any person to whom any part of such work is given, incurred in carrying on such work ; which bond shall be filed by such railroad company

in the office of the register of deeds in each county where the work of such contractor shall be. And if any such railroad company shall fail to take such bond, such railroad company shall be liable to the persons herein mentioned to the full extent of all such debts so contracted by such contractor."

Defendant in error sold corn, oats and bran to the construction company to the amount of $280. This action was brought against the railroad company to recover that amount, founded on the liability imposed by the statute above set out, for a failure to take a bond from the contractor. The plaintiff below had judgment.

Counsel for plaintiff in error contend that as the supplies furnished consisted of corn, oats, and bran, such articles are not comprehended within the words "provisions or goods." It is argued that corn, oats and bran are feed for horses, and that the term "provisions" can apply to food for mankind only.

We think the definition contended for is too narrow. Doctor Johnson in his dictionary defines oats: "A grain, which in England is generally given to horses, but in Scotland supports the people." The Century Dictionary in defining the word quotes from Milton:

"Provisions laid in large
For man and beast."

In the case of *Cochran v. Harvey*, 88 Ga. 352, 14 S. E. 580, corn on the ear in the shuck is held to come within the term "provisions."

It is urged that there was no evidence tending to show that the feed was actually consumed in the construction of the railroad or by any person engaged in such work. We have read the testimony bearing on this question, and think, as against a demurrer to the

·evidence, it could reasonably be inferred that the pro-visions were actually used by the construction company in the prosecution of the work.

The judgment of the court below will be affirmed. All the Justices concurring.