## ARNWINE *v.* BEAVER *et al.*

1. The property protected against the waiver of exemption, and as to which no waiver can be effectual, is wearing apparel, household and kitchen furniture, and provisions; consequently money, though less in amount than $300, and though it might readily be converted into any one of the classes of property mentioned, as it does not belong to either of them, is not protected against the waiver.
2. The question of the right of the plaintiff to the appointment of a receiver and an injunction as against the defendant is controlled by the decision in the case of *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628.

APRIL 18, 1910.

Petition for injunction.　Before Judge Morris.　Fannin superior court.　December 4, 1909.

*Thomas A. Brown,* for plaintiff.

*Bell & Ellis* and *William Butt,* for defendants.

BECK, J.　J. M. Beaver was duly adjudged a bankrupt, upon petition of certain of his creditors.　After paying the cost of the administration of the estate there remained in the hands of the trustee in bankruptcy $197.　This amount the bankrupt claimed as a homestead as against a judgment for $288.67 in favor of one D. A. Arnwine, obtained upon a homestead-waiver note executed more than four months prior to the proceedings in bankruptcy; and the same was set apart to the bankrupt as exempt by the trustee, after having given the creditors notice to file objections.　Arnwine did not prove his claim in bankruptcy, did not participate in the distribution of the estate, and filed no objections to the bankrupt's claim for a homestead.　Before the trustee's report was confirmed by the referee, and when the trustee was about to turn over the fund to the bankrupt, Arnwine filed a petition to enjoin the trustee from turning over the fund to Beaver, and Beaver from receiving it, and asking that a receiver be appointed to take charge of the fund and hold it subject to petitioner's claim.　The court denied the prayers of plaintiff's petition, and he excepts.

In the Civil Code, § 2863, it is provided that: "Any debtor may, except as to wearing apparel and three hundred dollars worth of household and kitchen furniture; and provisions, waive or renounce his right to the benefit of the exemption provided for by the constitution and laws of this State, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper." Under this section of the code any debtor is vested with the power to effectually waive the right to the benefit of exemption provided for by the constitution and the laws of this State, except as to $300 worth of household and kitchen furniture, and provisions. A waiver under the provisions of this section affects all of his property of every description, except that which is specially designated in the statute,—that is, wearing apparel, furniture, and provisions, to the amount in value stated in the statute; and that waiver is binding upon the debtor whenever he seeks to obtain the benefit of exemption after having made the waiver in terms of the law. Where a valid contract of indebtedness embodies a waiver of the exemption provided for by the law, the debtor can not afterwards assert a right of exemption of property not having the form of those species of property mentioned in the statute, and as to which there is placed by law a limitation upon his right to make the waiver. The only property which is protected against the waiver of exemption, and as to which no waiver can be effectual, is such as may properly be classed as either wearing apparel, or household and kitchen furniture, or provisions. To enlarge this list so as to hold that the amount of money which is mentioned in the statute as a limitation upon the amount of wearing apparel, furniture, and provisions, that will be protected against a waiver of exemption, would be an enlargement of the terms of the statute and an amplification of the protection against the waiver of exemption as contemplated in the statute. In the case of *Butler & Heath* v. *Shiver,* 79 *Ga.* 172 (4 S. E. 115), it was said: "Nothing is within the saving of the constitution but wearing apparel, furniture, and provisions. All other property, whether traceable back to these as the source of production or not, is affected by the waiver of exemption. The property protected against waiver of exemption, and as to which no waiver can be effectual, is wearing ap-

parel, household and kitchen furniture, and provisions.   Cotton belongs to none of these classes; and though produced by labor performed under sustenance afforded by exempt provisions, it does not take the place of the provisions consumed in its production, and is not exempt.   Code, §§ 5212, 2039 (a), (b)."   See also *Cochran* v. *Harvey*, 88 *Ga.* 352 (14 S. E. 580) ; *Wilson* v. *McMillan*, 80 *Ga.* 733 (6 S. E. 182).   The mere fact that the property which is claimed to be protected against the waiver of exemption may be easily and readily converted into property belonging to one of those classes specified in the section of the code referred to does not render the waiver any the less effectual as to it.   If it were otherwise and it could be held that $300 in money were protected against the waiver, it would require but one other step to hold that property like cotton, which can, with great facility, be converted into cash, would also be protected against the waiver so that it might be converted into money and then into provisions or furniture.   It is true that "concessions made by law to the poor are to be construed liberally," but such consideration does not authorize the importation of distinct terms into a statute by a court.

In the present case, the property which the plaintiff in error insists the waiver of exemption in the contract of indebtedness was effectual to subject to the demand of the creditor was money; and it follows from what we have said above that the waiver of exemption was effectual as to this form of property, and consequently, under the decision in the case of *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150), the court should not have withheld from the petitioner the only remedy that was open to him for securing and enforcing his rights.   While it was proper for the court to refuse to enjoin the trustee, the officer of the bankrupt court, it was perfectly competent for him to enjoin the debtor himself from receiving or taking possession of the property, and to appoint a receiver, whose duty it would be to apply to the bankrupt court for an order directing that the property set apart as exempt be turned over to him so that it might be administered in the State courts, where the statutes affecting the rights of debtor and creditor under State exemption laws could be applied and given effect under the construction which the State courts have placed upon those statutes.

*Judgment reversed.   All the Justices concur.*