# CHARLESTON.

MULLEN v. COOK et als.

Submitted February 22, 1910.   Decided May 19, 1911.

1.   VENDOR AND PURCHASER—*Breach of Contract—Measure of Damages.*

For a breach of contract to convey land, the vendor acting in good faith, the rule in Virginia and in West Virginia is, that the vendee can recover only the amount which he has paid, and interest thereon; and, if he has paid nothing, he can recover only

nominal damages. But if the vendor has, since sale to vendee, voluntarily put it beyond his power to comply with his contract; or, if, having good title, he refuses to convey, he will be held liable in substantial damages; and in such case the measure is the market value of the land at the time of the breach, less the unpaid purchase money; and interest may be allowed on such sum from that time. (p. 458).

2. SAME—*Breach of Contract—Action—Pleading—Sufficiency of Declaration.*

A declaration by a vendee, averring a breach of contract to convey land and alleging substantial and direct, or general, damages, is not demurrable because it states a method of measuring damages which may or may not be applicable on the trial. (p. 458).

Error to Circuit Court, Cabell County.

Action by W. C. Mullen against M. J. Cook and another. Judgment of dismissal, and plaintiff brings error.

*Reversed and Remanded.*

*Isbell & Perry* and *Geo. J. McComas,* for plaintiff in error.

*Vinson & Thompson,* for defendants in error.

WILLIAMS, PRESIDENT:

W. C. Mullen brought suit in the circuit court of Cabell county against M. J. Cook and C. C. Cook, to recover alleged damages for breach of a contract for the sale of real estate. A demurrer to the declaration was sustained, and, plaintiff declining to amend, the court dismissed his suit, and he obtained this writ of error.

The price to be paid for the land was $3,600, and the conveyance was to be executed and delivered in thirty days from date of sale; no money was paid, but a thirty day note for $100 was executed, payable on condition of the delivery of deed conveying good title. Plaintiff avers, as the measure of damages, that at the time he should have received his deed, the land "was then and there worth, and could have been sold by this plaintiff for the sum of $4,850;" he also avers generally that, by reason of defendants' breach of the contract, he has suffered damages to the amount of $1,200. That sum is the difference between the contract *price,* and the alleged *value* of the land at the time of the breach.

What is the correct measure of damages for the breach of contract to convey land? The rule is not uniform. The Supreme Court of the United States, and the courts of most of the states have adopted as the rule for measuring the damages in such case, the difference between the market value of the land at the time of the breach, with interest, less the purchase price unpaid, without regard to the reason for the failure to convey. 29 A. & E. E. L. 724-725; and 2 Sutherland on Damages, 579. But that is not the rule in England, nor the rule adopted in Virginia before the formation of this state. In Virginia a purchaser is not entitled to recover for the loss of his bargain. The value of the land at the date of the sale, and not its value at the time of the breach, is to be considered; and if a price has been agreed to, then it is to be taken as the best evidence of value. Consequently, in Virginia, if the purchaser has paid nothing, the general rule is that his damages are only nominal. Of course, the purchaser is always entitled to recover the money paid, together with interest. 2 Min. 865; *Stout* v. *Jackson,* 2 Rand. 132; *Trekeld's Admr.* v. *Fitzhugh's Exor.,* 2 Leigh 451; *Thompson's Exor.* v. *Guthrie's Admr.,* 9 Leigh 101; *Stuart* v. *Pennis,* 100 Va. 612; *Wilson* v. *Spencer,* 11 Leigh 261.

The above is the general rule in Virginia, and, therefore, the law of this state, because those early Virginia decisions are binding authority on us. This general rule, however, is subject to exceptions. It does not apply, if after the sale the vendor has voluntarily put it out of his power to comply with his contract, as for instance by making sale to another; or if he has good title and willfully refuses to convey. In such case he will be held liable for the enhanced value of the land; in other words, he will then be held liable to the vendee for his loss of bargain. *Wilson* v. *Spencer,* 11 Leigh 261. See also opinion of Judge SNYDER in *Butcher* v. *Peterson,* 26 W. Va., at page 454.

In view of the general rule of law which prevails in Virginia and in this state, the question presented by the writ of error is, did the court err in sustaining the demurrer and dismissing the action? We think it did. The declaration alleges the contract and avers its breach, and claims $1,200 damages; it states a good cause of action. Whether plaintiff can prove a case entitling him to substantial damages depends, not alone upon the mere breach of contract, but also upon proof that the vendor

has, since sale to the vendee, voluntarily disabled himself from making conveyance; or that he is able to make good conveyance and willfully refuses to do so. This is a matter of evidence, not of pleading; and, hence, it cannot be inquired into on demurrer. The fact that plaintiff avers a method or manner of measuring his damages, which may not turn out to be the correct one upon the development of the facts, is not material. *Thomson-Houston Electric Co.* v. *D. L. I. Co.,* 144 N. Y. 34; 1 Joyce on Damages, sec. 79.

If defendants have acted in good faith, and are unable, from good cause, to comply with their contract, then plaintiff can recover only nominal damages; but if they have voluntarily incapacitated themselves to perform, as by conveying to another since their sale to plaintiff; or, if they have good title and willfully refuse to convey to plaintiff, they are liable in substantial damages. "Breach of contract gives a right of action, whether special damages be alleged or not, and therefore, extruding from the declaration all averments of special damages, will not warrant the court in dismissing the action." *Kenny* v. *Collier,* 79 Ga. 173. See also *Sutton* v. *Sou. Ry. Co.,* 101 Ga. 776; *Roberts* v. *Glass,* 112 Ga. 456; *Thomson-Houston Electric Co* v. *D. L. I. Co.,* 144 N. Y. 34.

The court erred in sustaining the demurrer to the declaration, and we will reverse the judgment of the circuit court and will enter a judgment here overruling the demurrer and re-instating and remanding the cause with leave to defendants to plead, and for further proceedings according to law.

*Reversed and Remanded.*