### 7493.  HINES *v.* SAM WEICHSELBAUM COMPANY.

The word "provisions," as used by the constitution and the code of this State, in authorizing debtors to waive exemptions except as to "wearing apparel and not exceeding three hundred dollars worth of household and kitchen furniture and provisions" (Civil Code, §§ 6584, 6586, 3413), does not include hogs.

DECIDED SEPTEMBER 21, 1916.

Certiorari; from Laurens superior court—Judge Kent. April 28, 1916.

Hines executed a promissory note in which there was a waiver of "all homestead and exemption rights . . under the laws of

this State." Judgment was obtained against him in a suit on the note, and an execution was issued thereon and was levied on certain hogs in his possession. A schedule of property claimed to be exempt from levy and sale, as provided for in section 3416 of the Civil Code of 1910, and which included ten head of hogs, provisions, etc., was filed by him as head of a family, and was approved and recorded by the ordinary; and, as head of a family, he interposed a claim to the property levied on, and, on the trial of the claim case in the city court of Dublin, testified that the hogs levied on were the same hogs described in the exemption. The trial resulted in a judgment finding the property not subject to the execution, and, on certiorari, this judgment was set aside and a new trial granted by the judge of the superior court. The case then came to the Court of Appeals on exceptions to the judgment of the judge of the superior court.

*Hal B. Wimberly, Rowe G. Hicks,* for plaintiff in error.

*Ira S. Chappell,* contra.

HODGES, J. A promissory note expressly waiving "all homestead and exemption rights under the laws of this State" is effective as a waiver of such rights except as to wearing apparel and not exceeding three hundred dollars worth of household and kitchen furniture and provisions. Civil Code, §§ 3413, 6584, 6586. The waiver referred to in *Flanders* v. *Wells,* 61 *Ga.* 196, where it was decided that a mortgagor could waive his right to the short homestead in the property mortgaged, was made prior to the adoption of the constitution of 1877, which, while authorizing such waivers, makes an express exception as to "wearing apparel and not exceeding three hundred dollars worth of household and kitchen furniture and provisions."

Unless hogs are "provisions," within the meaning of the exception quoted above, the waiver applies to hogs; and, under the rulings of the Supreme Court, such animals are not provisions. In the case of *Wilson* v. *McMillan,* 80 *Ga.* 733 (6 S. E. 182), it was held that a milch cow is not "provisions." It was there said: "We think the word provisions, as used both in the constitution and the statutes of this State, means something in a condition to be consumed as food, such as meal, flour, lard, meat and other articles of that kind—articles that need no change in cooking. The statute seems to have drawn a distinction between provisions

and hogs, cows, etc." In a subsequent decision this definition was said to be "too narrow," but the court said that it was "good and sound authority for the holding that a milch cow is not provisions." *Cochran* v. *Harvey,* 88 *Ga.* 352, 355 (14 S. E. 580).

It follows that the judge of the city court in this case erred in holding that the hogs levied on were not subject to the execution; and the judge of the superior court did not err in sustaining the certiorari.                                      *Judgment affirmed.*