## POSEY v. ROME OIL AND FERTILIZER COMPANY.

1. Under art. 9, sec. 3, par. 1, of the constitution of Georgia (Civil Code of 1910, §§ 6584, 3413), a debtor may waive or renounce in writing his right to the benefit of the exemption provided in this article, except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions. But money, though less in amount than $300, which might be readily converted into any one of the classes of property mentioned in the constitution and laws as exempt, does not belong to either of them, and is not protected against the waiver.

2. Cotton is not "provisions" within the meaning of the constitutional provision just cited.

3. The court did not err in ordering the receiver to sell the corn purchased with the money set apart as exempt, and out of the proceeds to pay first the costs, and then the balance to the creditors as provided in the order.

No. 3786. DECEMBER 12, 1923. REHEARING DENIED JANUARY 25, 1924.

Equitable petition. Before Judge Tarver. Gordon superior court. March 24, 1923.

The Rome Oil & Fertilizer Company brought an equitable petition against M. N. Posey, and alleged the following facts: M. N. Posey was, on November 7, 1922, adjudged a bankrupt. His case is pending in the district court of the United States for the northern district of Georgia; and he has not applied for or obtained a discharge in the bankruptcy case. James A. McFarland was duly appointed, qualified, and is acting as trustee of the bankrupt's estate. On November 28, 1922, the trustee set apart to the bankrupt a homestead and exemption consisting of the following property: "household and kitchen furniture, $25.00; 50 bushels of corn, of the value of $40.00; cash, $235.00; total, $300.00." Plaintiff is a creditor of the estate, and holds a judgment against the bankrupt for $254.77, $15.58 cost, and $28.58 attorney's fees, with interest from October 15, 1921. The judgment was based upon a note which included a clause in which the maker of the note waived any and all homestead or exemption to which he or his family might be entitled under the laws of the State of Georgia, and the debt is of such character that a discharge in bankruptcy would bar recovery thereon. The homestead which has been set apart as aforesaid has not been approved by the referee in bankruptcy, and no order has been passed setting apart the same to the bankrupt, nor has the same been delivered to him; and it is subject to plaintiff's claim. Plaintiff is advised and believes that the bankrupt is making an effort to secure possession of the property described above, and that he will move it away and render it impossible for plaintiff to secure or enforce its claim against the defendant. Plaintiff is without adequate remedy at law for enforcement of its rights against the exempt property. The prayer was that a receiver be appointed, with authority and direction to intervene in the court of bankruptcy for the purpose of having the homestead and exemption so set apart to Posey delivered to such receiver, and that he take possession thereof and hold the property subject to the further order of the court. The defendant filed an answer in which he averred, among other things, that "the exemption which has been set apart to him by the trustee, approved and determined by the bankruptcy court, is the non-waiverable constitutional $300.00 homestead and exemption as provided by the

statutes of Georgia, consisting of household and kitchen furniture, $25.00, 25 bushels of potatoes, $40.00, 100 bushels of corn, $60.00, and corn purchased by the trustee of the amount of 199-7/11 bushels, of the value of $219.58, total $284.58; that the homestead and exemption claimed is non-waiverable and is not subject to the plaintiff's execution, nor the note upon which said execution is based. . . Defendant says, on the contrary, that the exemption as hereinbefore specified, has been allowed to him by the court of bankruptcy, and is not subject to plaintiff's indebtedness."

On the trial it was agreed that the presiding judge should determine the case without the intervention of a jury, passing upon all questions of law and fact at issue. The defendant introduced in evidence a certified copy of the original report of exemption, signed and filed by J. A. McFarland, trustee, as follows: "The following is a schedule of property designated and set apart to be retained by the bankrupt aforesaid, as his own property, under the provisions of the acts of Congress relating to bankruptcy: household and kitchen furniture, $25.00, 50 bushels of corn of the value of $40.00, cash $235.00, total $300.00." Also a certified copy of an amendment to his schedule, filed on December 13, 1922, in the bankruptcy court, which was signed and sworn to by Posey and certified by the deputy clerk, as follows: "And now comes the bankrupt by leave of the court, and amends his original schedule by striking from schedule B-5 'cotton $235.00,' and adding in lieu thereof 'corn of the value of $235.00.' Petitioner was advised and believed, at the time of the filing of his original schedules, that he was selecting articles allowed under the constitutional non-waiverable $300.00 homestead as provided by the statutes of Georgia. The trustee sold the cotton claimed and has converted the same into cash, and did, on the 28th day of November, 1922, set apart bankrupt's exemption, $235.00 of which was set apart in cash. Petitioner desires that said cash be invested in corn by the trustee herein and set apart to him as part of his exemption. Should the court hold that that cannot be done in this court, then petitioner prays that said cash, $235.00, be turned over to the court of ordinary of Gordon County, to be by that court invested in corn as selected. To that end petitioner prays that the trustee herein be directed to so amend his report of exemption." The defendant also introduced a certified copy of an order upon said amendment, passed

by C. D. McCutchen, referee, on December 19, 1922, and certified by J. C. Printup, deputy clerk, as follows: "The above and foregoing amendment having been offered and filed on the 13th day of December, 1922, within twenty days from the filing of the report of exemption, and action thereon being deferred for the purpose of hearing from opposing counsel, it is therefore ordered that said amendment be and the same is hereby allowed nunc pro tunc. Ordered further that the trustee amend his report by setting apart to the bankrupt 201-1/8 bushels of corn of the value of $219.58, to be purchased with the cash in his hands, in addition to the other items therein listed."

The trial judge appended a note in the bill of exceptions, the substance of which is as follows: "Upon the first hearing of this case, which was had by consent of parties on March 17, 1923, the court inquired of counsel whether or not the referee had passed an order directing the trustee to invest the cash $235.00 in corn, and was informed by Mr. F. K. McCutchen, of counsel for M. N. Posey, that there had been such an order passed. The court thereupon continued the hearing until March 24, 1923, with direction that a certified copy of this order be obtained. On the date of the final hearing, March 24, 1923, the court again inquired of counsel whether or not a certified copy of this order had been obtained. Counsel for Posey thereupon introduced, under one certificate of the deputy clerk of the United States district court for the northern district of Georgia, northwestern division, the copies herein referred to of the report of the trustee setting aside the exemption to the bankrupt, the amendment filed on the 13th day of December, 1922, by the bankrupt, to his original claim of exemption, and an account of the trustee in bankruptcy for Posey, with the order of the referee allowing the same, the last named not being set out in this bill of exceptions nor material to the questions herein raised. The court again called attention to the fact that no order of the referee directing the investment of the cash in corn appeared in this record. Counsel for Posey thereupon sought to prove by J. A. McFarland, trustee, that the referee had orally directed such investment. This evidence the court excluded upon objection of counsel for plaintiff. The court thereafter passed the judgment herein complained of, stating as his reason for so doing the failure of the referee or any other proper authority to direct the invest-

ment of the cash in corn. The order of the referee of December 19, 1922, immediately hereinbefore appearing, was on the back of and at the top of one of the sheets attached to the certificate by the deputy clerk of the U. S. Court. It was not called to the court's attention until this bill of exceptions was presented for signature."

The defendant introduced also a certified copy of the amendment to the report of exemptions, dated and filed December 19, 1922, and signed by J. A. McFarland, trustee, and certified by the deputy clerk, as follows: "The above and foregoing report of exemptions is hereby amended by striking cash $235.00 and adding in lieu thereof corn in the amount of 199-7/11 bushels to be purchased with the cash in hand." Also, a certified copy of an order passed by the referee in bankruptcy on December 19, 1922, reciting that the trustee having more than twenty days since filed his report of exempt property in accordance with General Order No. 17, setting apart to the bankrupt herein household and kitchen furniture $25.00, 50 bushels of corn in possession of the bankrupt $40.00, and cash $235.00, being the proceeds of the sale of property originally claimed as exempt by the bankrupt, etc., it was ordered that the trustee's report of exempt property as amended be confirmed, it being determined that the bankrupt was entitled to the property as specified in the amended report of exemption, viz., household and kitchen furniture $25.00, 50 bushels of corn in hand $40.00, and 199-7/11 bushels of corn of the value of $219.58. It was ordered that the exemption allowed, or such part of it as was in the possession of the trustee, be delivered to Y. A. Henderson, the receiver, subject to the order of Gordon superior court. The defendant also introduced the report of the receiver to the effect that he had come into possession of the above-stated property which was delivered to him by the trustee in bankruptcy, etc. McFarland, trustee, testified, among other things, that his file of correspondence with the receiver would indicate that he purchased the corn after the order was signed by the referee, but that he did not recall that it was the same day or later.

At the conclusion of the evidence the court rendered judgment as follows: "Upon consideration of this cause it is ordered that the receiver of this court sell the corn, and that out of the proceeds he pay, first, the cost of this proceeding, the balance to be paid to creditors in this cause pro rata. This March 20, 1923." To this

judgment the plaintiff in error excepted on the ground that it was contrary to the evidence, strongly and decidedly against the weight of the evidence, and contrary to law.

*F. K. McCutchen,* for plaintiff in error.

*A. L. Henson* and *Maddox, McCamy & Shumate,* contra.

HILL, J. (After stating the foregoing facts.) The bankruptcy act of 1898, sec. 6 (Collier on Bankruptcy, 9th ed., 279), confers jurisdiction upon the courts of bankruptcy to set aside exemptions to bankrupts as may be claimed by them in conformity to the State laws on that subject, in force at the time of the filing of the petition. See McGahan *v.* Anderson, 113 Fed. 115 (51 C. C. A. 92, 7 Am. Bkr. R. 641); In re Gerber, 186 Fed. 693 (108 C. C. A. 511, 26 Am. Bkr. R. 608); In re Baker, 182 Fed. 392 (104 C. C. A. 602, 24 Am. Bkr. R. 411). But the bankruptcy act does not confer jurisdiction on courts of bankruptcy to set aside exemptions not in conformity with State laws. If the exemption so set aside is in conformity with the State law, such exemption is no more subject to levy and sale than if it was set aside by courts of ordinary of this State. *Brady* v. *Brady,* 71 *Ga.* 71; *Ross* v. *Worsham,* 65 *Ga.* 624; *Barrett* v. *Durham,* 80 *Ga.* 336 (5 S. E. 102); *Dozier* v. *Wilson,* 84 *Ga.* 301 (10 S. E. 743); *Evans* v. *Rounsaville,* 115 *Ga.* 684 (42 S. E. 100); *Pincus* v. *Meinhard,* 139 *Ga.* 365(2), 372 (77 S. E. 82). In the instant case the bankrupt in his original petition filed a schedule and claimed household and kitchen furniture of the value of $25, corn on hand of the value of $40, and cash $235, which was set apart by the trustee to the bankrupt, who later sought to amend his schedule, stating in substance that his original claim of cash was made through inadvertence, and that it was his intention to claim the "constitutional unwaiverable homestead," and prayed that the cash in the hands of the trustee be invested for him in one of the articles authorized by the Georgia law, to wit, corn, etc. It has been held by this court that that cannot be done; and therefore if it was attempted to be done, such effort would be a mere nullity. In *Arnwine* v. *Beaver,* 134 *Ga.* 377 (67 S. E. 937), this court held that "The property protected against the waiver of exemption, and as to which no waiver can be effectual, is wearing apparel, household and kitchen furniture, and provisions; consequently money, though less in amount than $300, and though it might readily be converted into any one of the

classes of property mentioned, as it does not belong to either of them, is not protected against the waiver." In delivering the opinion in the *Arnwine* case, Mr. Justice Beck said: "In the Civil Code, § 2863, it is provided that 'Any debtor may, except as to wearing apparel and three hundred dollars' worth of household and kitchen furniture, and provisions, waive or renounce his right to the benefit of the exemption provided for by the constitution and laws of this State, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or contemporaneously therewith, or subsequently thereto in a separate paper.' Under this section of the ·code any debtor is vested with the power to effectually waive the right to the benefit of exemption provided for by the constitution and the laws of this State, except as to $300.00 worth of household and kitchen furniture, and provisions. A waiver under the provisions of this section affects all of his property of every description, except that which is specifically designated in the statute,—that is, wearing apparel, furniture, and provisions, to the amount in value stated in the statute; and that waiver is binding upon the debtor whenever he seeks to obtain the benefit of exemption after having made the waiver in terms of the law. Where a valid contract of indebtedness embodies a waiver of the exemption provided for by the law, the debtor cannot afterwards assert a right of exemption of property not having the form of those species of property mentioned in the statute, and as to which there is placed by law a limitation upon his right to make the waiver. The only property which is protected against the waiver of exemption, and as to which no waiver can be effectual, is such as may properly be classed as either wearing apparel, or household and kitchen furniture, or provisions. To enlarge this list so as to hold that the amount of money which is mentioned in the statute as a limitation upon the amount of wearing apparel, furniture, and provisions, that will be protected against a waiver of exemption, would be an enlargement of the terms of the statute and an amplification of the protection against the waiver of exemption as contemplated in the statute." And see *Butler* v. *Shiver,* 79 *Ga.* 172 (4 S. E. 115); *Cochran* v. *Harvey,* 88 *Ga.* 352 (14 S. E. 580); *Wilson* v. *McMillan,* 80 *Ga.* 733 (6 S. E. 182); *Rosser* v. *Florence,* 119 *Ga.* 250 (45 S. E. 975). In the *Arnwine* case, supra, it was

further said: "The mere fact that the property which is claimed to be protected against the waiver of exemption may be easily and readily converted into property belonging to one of those classes specified in the section of the code referred to does not render the waiver any the less effectual as to it. If it were otherwise and it could be held that $300 in money were protected against the waiver, it would require but one other step to hold that property like cotton, which can, with great facility, be converted into cash, would also be protected against the waiver so that it might be converted into money and then into provisions or furniture. It is true that 'concessions made by law to the poor are to be construed liberally,' but such consideration does not authorize the importation of distinct terms into a statute by a court."

But it is argued that the judgment of the lower court in subjecting this money, which was converted by purchase into corn, to a homestead-waiver note, in effect set aside the judgment of the court of bankruptcy, which authorized the purchase of the corn with the money first sought to be set aside as exempt. The answer to this contention is that even if the referee in bankruptcy passed such an order, as contended, the judgment would not be in conformity with the laws of this State, as pointed out above; and therefore that court would be without jurisdiction to pass such an order, and such order would be illegal. It will be observed that the order of the trial judge did not interfere with the exemption as set apart by the bankruptcy court, except as to the corn which was purchased with the money first sought to be exempted. The court merely ordered the receiver of the State court to sell the corn and out of the proceeds to pay first the cost of the proceeding and the balance to creditors in this cause pro rata. We are of the opinion that the court in so holding ruled correctly and in conformity with the rule laid down in the *Arnwine* case, and others cited to the same effect. It cannot be held that cotton is "provisions" as provided by art. 9, sec. 3, par. 1, of the constitution of this State (Civil Code of 1910, § 6584), which provides that "The debtor shall have power to waive or renounce in writing his right to the benefit of the exemption provided for in this article, except as to wearing apparel, and not exceeding $300 worth of household and kitchen furniture, and provisions, to be selected by himself and his wife, if any;" etc. *Butler* v. *Shiver*, supra.

We are therefore of the opinion that the court below did not err in passing the order complained of in the bill of exceptions in this case.    *Judgment affirmed. All the Justices concur.*

## ON MOTION FOR REHEARING.

Cash can not be set aside as a homestead exemption. When a debtor applies for a homestead and he is possessed of cash, it is competent for the ordinary to order the cash invested in property, and then set aside the property as a homestead exemption. Civil Code (1910), § 3391. This section does not deal with, and does not affect, the rights of creditors under homestead exemptions. When the debtor waives his homestead rights he cannot thereafter assert his homestead against such waiver, except in the case wherein the constitution declares that certain articles cannot be waived by the debtor. When the debtor waives his homestead he vests his creditor with the right to subject all his property to the payment of his debt, except the articles specified in the constitution, viz., wearing apparel and not exceeding three hundred dollars' worth of household and kitchen furniture and provisions. If his property consists of other articles, his waiver of homestead subjects all such articles to the payment of his debt created by his obligation waiving the homestead. He cannot defeat this right of the creditor under his waiver by having articles sold and the proceeds invested in articles which are not subject to waiver; nor can he have cash, which would be liable under such waiver, converted into articles not subject to the waiver.    *Motion for rehearing denied.*