## JACOB T. WEED vs. JOHN DAYTON

A widow who supported herself and daughter by keeping a boarding house at G in this state, owning a quantity of furniture suitable for a boarding house, took a furnished house for a year in the city of New York, and went there to keep boarders, intending to return to G at the end of the year and resume her business there. Her furniture was stored in the meantime in G, and while so stored was attached by a creditor.    Held—

1. That the furniture, if otherwise exempt, did not become open to attachment by reason of its being stored and not in actual use.

2. That the furniture was not exempt as being necessary for the use of her boarders, nor on the ground that the boarders were a part of her family.

3. That the enquiry is, what was necessary for the personal comfort of the family, as such; but that the term "family" in this case was not limited to the mother and daughter alone, but, as she was keeping boarders, might properly include a servant, and in any case would include a visitor, or a dependent relative who was living in the family.

4. That in determining what was necessary household furniture, her occupation might properly be considered, and if her keeping boarders made it necessary for her to have more furniture for her personal use, as an additional bureau, or other like convenience, such additional furniture would be exempt.

TRESPASS on the case, against the defendant as a constable, for not having kept and produced certain household furniture attached by him in a suit of the plaintiff against one Fanny Ensworth, the plaintiff having recovered judgment in the suit and demand having been made on the defendant for the

goods attached; brought to the Court of Common Pleas of Fairfield County, and tried to the court on the general issue, with notice that the property attached was by law exempt from attachment. The court found the following facts:

On the trial it was conceded that the only question in dispute was whether the property attached was, or was not, at the time exempt from attachment and execution. If not exempt, the liability of the defendant was admitted. If exempt it was not claimed. The property was attached February 15th, 1868.

Of the property so attached Mrs. Ensworth owned four mattresses, one mahogany bedstead, one three-quarter mahogany bedstead, one marble-top bureau, and one extension table, in all of the value of one hundred and fifty dollars. She also owned, at the time of the attachment, in addition to the foregoing articles, ten mattresses, and two bedroom suits of furniture, together with carpets, wash stands, tables, chairs, and other ordinary household furniture, in all of the value of four hundred and fifty dollars. the whole value of the household furniture then owned by her being six hundred dollars.

Mrs. Ensworth was for more than a year previous to the 15th of February, 1868, a widow, her family consisting of herself and daughter. She kept boarders at Greenwich, in this state, as her only means of support, during the summer of 1867, in a house belonging to the plaintiff. She left Greenwich in October, 1867, and, before February 15th, 1868, had taken a furnished house in the city of New York for a year, in which she kept boarders, and among them her landlady, by boarding whom she obtained her rent at a much cheaper rate than she otherwise could.

It was Mrs. Ensworth's intention from the time she left Greenwich, up to and after the time of the attachment in question, to go to housekeeping again, at the end of the year's lease of the furnished house, with her own furniture, and to keep boarders as before for her living, as she had no other means of support.

At the time of the attachment all of her household furniture was stored away, mostly packed, in the house she had

occupied at Greenwich. After the portion attached had been receipted, February 24th, 1868, the whole of the furniture was removed to, and stored in, the town of Portchester, in the state of New York.

When attached, all of the furniture except the mattresses had been considerably worn by use, and all of the articles (matresses included,) had been used during the previous summer by her own family, her relatives, three in number, her boarders, and her servants. The relatives furnished some of the rooms occupied by them.

None of the household furniture was too expensive or extravagant for a person in her condition in life, and was all necessary for her support in the business of keeping boarders, when not living in a furnished house. But except for the purpose of keeping boarders, none of the furniture so attached was, (in addition to her other furniture,) necessary for her support, or that of her family, or to enable her and her daughter to live in a comfortable and convenient manner in ordinary housekeeping.

Upon these facts the case was reserved for the advice of this court.

*Hoyt* and *Fessenden*, for the plaintiff.

*Curtis*, for the defendant.

SEYMOUR, C. J. The property in dispute consists of articles of household furniture which belonged to Mrs. Ensworth. They were attached as hers by the defendant, a constable of Greenwich, at the suit of the plaintiff against her. The plaintiff in that suit recovered judgment and made due demand of the defendant for the attached property. That demand not being complied with, this action is brought, and on certain facts found by the Court of Common Pleas, is reserved for our advice.

It is conceded that if the property was liable to attachment, the plaintiff should recover the value of the articles so liable.

Mrs. Ensworth was and is a widow, her family consisting

of herself and her daughter. In the summer of 1867 she kept boarders at Greenwich as her only means of support. At the time of the attachment in February, 1868, she had taken a furnished house in the city of New York for a year, but expected to go to housekeeping again at the end of the year, and with her furniture to keep boarders as before. The property was in store at Greenwich at the time of the attachment, and the first point made by the plaintiff is, that being thus in store and not in actual use at the time, it was for that reason not exempt. We think this point is not well taken. It appears from the finding that the property was in keeping for future use and in disuse only temporarily.

The point is made by the defendant that, inasmuch as Mrs. Ensworth supported herself by keeping boarders, and intended to continue in that business, the household furniture kept for the boarders and necessary for their use, is exempt from attachment. An exemption as ample as this might perhaps commend itself to the legislature, but is not warranted by the statute as it now is.

The statute secures to the debtor and his dependent family the personal use by him and them of such household furniture as is essential to their personal comfort. We shall consider hereafter who may properly be regarded as included in the family. Mere boarders are not such within the meaning of the statute. Furniture used by them for a compensation, and useful to the debtor himself only as a means of profit, is not protected from attachment.

The remaining question relates to the extent to which the furniture attached was necessary for Mrs. Ensworth, for supporting life within the fair intendment of the law. This is a question rather of fact than of law, and to be decided in view of all the circumstances of each particular case.

In regard to the four mattresses, it would seem quite clear that they were properly attached. She owned fourteen of them, and only four were taken.

In regard to the two bedsteads the finding is not sufficiently full to enable us to decide definitely. If it be true, as the finding seems to indicate, that Mrs. Ensworth owned but four

Weed *v.* Dayton.

in all, we are inclined to think she ought to be permitted to keep all of them. She is of course entitled to one for herself, and one for her daughter. A spare bed for visitors is always allowed. Keeping boarders as she had been doing, and intended to continue to do, it seems reasonable that a bed should be allowed for a servant, or in case of sickness for a nurse. The exemption is not necessarily restricted to such furniture as is in constant use, nor is it, as before suggested, restricted to the use of the debtor himself. Reasonable provision may be made according to circumstances for wife and children, for domestics, for dependent relatives who may be residing with and constitute a part of the family, and for visitors.

As to the bureau and extension table, they are convenient articles and may be necessary within the meaning of the statute. It is found that Mrs. Ensworth had tables in addition to the one attached, and also had other ordinary household furniture sufficient to enable her and her daughter to live in a comfortable and convenient manner " in ordinary housekeeping ;" by which we understand that the bureau and extension table were not regarded by the judge as necessary, except as they were made so by the circumstance that she kept boarders. If the bureau was kept for the mere use of boarders and used solely by them, it would not be exempt, but Mrs. Ensworth had a right to engage in the business of keeping boarders, and if, in consequence of being thus engaged, she needed for her personal use a bureau which " in ordinary housekeeping" she might have dispensed with, we are inclined to think the bureau would be exempt. The fact that she was keeping boarders would naturally enlarge her personal needs in respect to many things, as for instance in respect to kitchen utensils and table furniture, and perhaps apparel, and would by consequence enlarge her wants as to a place of deposit, like a bureau, for her own use. In deciding what is necessary household furniture the avocation of the debtor may properly be taken into consideration. His personal wants and those of his family may depend largely upon the nature of the business whereby he is seeking a livelihood.

Our advice to the Court of Common Pleas is therefore—

1. That the property, if otherwise exempt, did not become liable to attachment merely because it was in store and not in actual use.

2. That articles are not exempt merely because necessary for the use of boarders.

3. That the mattresses attached were not exempt; and as to the other articles, that further enquiry be made by the court as to their being necessary household furniture upon the principles which have been suggested in the foregoing opinion.

In this opinion the other judges concurred.