BOND *v.* TUCKER.

Meat purchased by a dealer to be sold again in the usual course of his trade is not exempt from attachment as provisions.

TRESPASS, against the defendant, a deputy sheriff, for taking on a writ against the plaintiff, beef and other meats claimed to be exempt from attachment.

The plaintiff is a dealer in meats, buying at wholesale and selling from his cart at retail. The meats in question were bought by him for the purpose of selling them, and at the time when they were taken he was engaged in selling and offering them for sale. He intended to sell all, and had they not been seized would have sold all, if he could. Whatever part of them he could not sell he intended to consume in his family. Including the meats, he had not at the time of the seizure provisions and fuel to the value of fifty dollars.

*H. P. Rolfe,* for the plaintiff.

*H. G. Sargent,* for the defendant.

ALLEN, J. The meat which the plaintiff claims was exempt from attachment as a part of his " provisions " was purchased and kept by him, not to be consumed as provisions for his or his family's support, but to be sold in his business of a meat and provision dealer, and, at the time of the attachment, he was engaged in selling it as a part of his stock in trade.

Though the exemption statute (G. L., *c.* 224, *s.* 2) does not in terms limit the " provisions " exempted to articles of food provided for family use and consumption, a reference to other parts of the same statute shows that it was not intended to withdraw from attachment property used and dealt with for other purposes than to supply the wants and necessities of the debtor and those dependent upon him for support. " The wearing apparel necessary for the use of the debtor and his family," " comfortable beds, bedsteads, and bedding, necessary for the debtor, his wife and children," " household furniture," meaning furniture in actual use in the household or place of residence, or intended for such use, " one sewing-machine, kept for use by the debtor or his family," are examples of phraseology in the statute expressly confining the exemptions to necessary use. Tools kept for any other purpose than actual use in the debtor's occupation are not exempt as " tools of his occupation." *Norris* v. *Hoitt,* 18 N. H. 196 ; *Parshley* v. *Greene,* 58 N. H. 271. They would not be exempt from attachment in the possession of the debtor dealing in them as a merchant or manufacturer. *Atwood* v. *DeForest,* 19 Conn. 513, 519. It is fair to presume that in case of " provisions and fuel " the legislature intended the same limitation, and did not intend to include in any class of exempted property articles not provided for immediate support and family use.

The object of the statute of exemption is a humane one, designed to protect the debtor against falling into immediate want, and to prevent the withdrawal of what he has provided for immediate support. It was not intended to save any part of a stock of goods not procured for any such purpose, but dealt in by the debtor as merchandise. The meat attached by the defendant not being provided by the plaintiff for consumption by himself and family was not " provisions " within the meaning of the statute, and was not exempt from attachment.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.