LAURA E. FLETCHER v. JAMES STAPLES and Another. (BROADWAY INSURANCE COMPANY, Garnishee.)[1]

Nov. 20, 1895.

Nos. 9389—(24).

Garnishment—Exemption—Burden of Proof.

The burden is on the defendant debtor to show that funds belonging to him in the hands of the garnishee are exempt from seizure for the payment of his debts. Held, in this case the defendant has failed to show such exemption.

[1] Reported in 64 N. W. 1150.

Appeal by defendants from a judgment of the municipal court of Duluth for $369.59 in favor of plaintiff and against Broadway Insurance Company, garnishee, entered in pursuance of the order of Powell, J. Affirmed.

*Stanford & Arbury*, for appellants.

*Jaques & Hudson*, for respondent.

CANTY, J.  In an action to recover an indebtedness due from defendant to plaintiff, garnishment proceedings were instituted against said garnishee.  The garnishee disclosed that it was indebted to defendant in the sum of $437.50 by reason of the fact that it had insured plaintiff against loss by fire on household goods, that there was a loss by fire, and the parties had adjusted the garnishee's liability for such loss at that sum.  The insurance policy was introduced, and made a part of the disclosure, and gives a description of the property so insured, as follows:  "Household and kitchen furniture, useful and ornamental carpets, beds, bedding, linen, family wearing apparel and materials for same, trunks, traveling bags, umbrellas, canes, parasols, plate and plated ware, crockery and glassware, book cases, printed books, magazines, periodicals, works of art, music, mirrors, photographs, pictures, paintings, engravings, drawings and their frames (at not exceeding cost), bric-a-brac, articles of virtu, sewing machines, musical instruments, clocks, watches, and jewelry (in use), statuary, casts, optical instruments, tools and implements, firearms, fishing tackle, scientific apparatus and sporting goods, family stores and supplies, and other articles not more hazardous, while contained in the one-story frame building and additions thereto, situate," etc.  Thereupon defendant moved that the garnishee be discharged on the ground that the money so disclosed as due him from said garnishee is exempt from execution, and that he claims such exemption.  In support of the motion he filed his affidavit, in which he states:  "This affiant suffered the loss by fire of his house, household goods, wearing apparel, etc.  That at the time of said fire this affiant was insured * * * in the above-named garnishee upon the said household goods and family wearing apparel in the sum of $500.  * * * That the money so to be paid by said insurance company to affiant is claimed by this affiant * * * as the property of this affiant exempt from execution, attachment, garnishment or other process

issued from any court in this state." This is all of the affidavit which has any tendency to show that the property insured was exempt at the time of the fire.

Plaintiff filed a counter affidavit, in which it is stated that, at the time of the fire, defendant carried insurance to the amount of $2,000 on the property; that this insurance was issued by the garnishee and two other insurance companies; and that the loss was jointly adjusted by defendant and the three companies at the sum of $1,750, of which amount one of the other companies, since the service of the garnishee summons herein, had paid defendant the sum of $875, and that the garnishee and the other company still owed him the balance, to wit, $437.50 each. After the entry of judgment against defendant in the main action, plaintiff moved for judgment against the garnishee, and thereupon the parties stipulated that the foregoing affidavits might, on said motion, be considered by the court as a part of the disclosure of the garnishee, and as evidence taken on such disclosure, subject to the objection that such affidavits are irrelevant and immaterial. The court ordered judgment for the plaintiff against the garnishee, and from the judgment entered thereon defendant appeals.

The contention of the defendant is that the property in question was exempt from execution, and that, under the statute, the insurance money due on the loss is also exempt. G. S. 1894, § 5459, subd. 5, specifying what property shall be exempt from execution, reads as follows: "All wearing apparel of the debtor and his family; all beds, bedsteads, and bedding, kept and used by the debtor and his family; all stoves and appendages put up or kept for the use of the debtor and his family; all cooking utensils; and all other household furniture not herein enumerated, not exceeding five hundred dollars in value; also all moneys arising from insurance of any property exempted from sale on execution, when such property has been destroyed by fire."

It is not necessary here to decide whether all the property exempt under this subdivision is limited so that its value shall not exceed $500, or whether it is only that included in the term "all other property not herein enumerated" which is so limited. We are of the opinion that under either interpretation of this subdivison defendant has not shown that any of the property in question was exempt. The

burden is on the debtor to show that the property seized or levied upon for the payment of the debt is exempt. It nowhere appears that the property in question was "kept and used by the debtor and his family" or "kept for" their use. For aught that appears, the property in question may be a part of the stock of a furniture store, or of a second-hand store, or of a hotel or furnished flats in which his family did not reside. Neither does it appear that the loss suffered by the fire was a total loss, or that he did not have more household goods left after the fire than were exempted by law. Again, the insurance policy enumerates no particular article or number of articles, but many classes of articles. None of the articles included in several of these classes would be exempt at all, and as to some others of the classes the articles exempt would be limited in value, whichever interpretation is given to said subdivision 5. But the numbers, kinds, or values of the articles destroyed or injured by the fire, for which the insurance is to be paid, nowhere appears. We have no means of knowing what portion of the fund, if any, is exempt, and what portion is not. Then defendant has failed to show that any part of the fund in the garnishee's hands was exempt. By reason of the stipulation aforesaid, neither party is in a position to question the regularity of the practice adopted of trying this issue on affidavits. This disposes of the case.

Judgment affirmed.