# MOORE & HILL *v.* BUCKLER.

### EXEMPTIONS; EXECUTION.

Household furniture of the value of less than $300, contained in an apartment rented by the lessee for $45 a month unfurnished, and sublet by him for $65 a month, is not exempt from levy on an execution under a judgment for rent by the owner of the apartment against the lessee, under section 1105, D. C. Code [31 Stat. at L. 1362, chap. 854], exempting household furniture and effects not exceeding $300 in value which are the property of the head of a family or householder, as the furniture is used for commercial, and not household, purposes.

No. 2866. Submitted January 7, 1916. Decided March 6, 1916.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia which reversed a judgment of the Municipal Court in a landlord and tenant proceeding.        *Reversed.*

The COURT in the opinion stated the facts as follows:

The question involved in this appeal is whether appellee, George C. Buckler, defendant below, is entitled to an exemption of $300 on certain household furniture seized on execution to satisfy a judgment in favor of plaintiff company, Moore & Hill, Incorporated.

It appears that defendant leased two unfurnished apartments from plaintiff in the Haddon Apartment House, in this city. Defendant furnished the apartments, and sublet them. Instalments of rent being in arrears, plaintiff sued defendant in the municipal court of the District, and recovered a judgment. Execution issued, a levy was made upon the furniture in the apartments, which was appraised at $255.25. Defendant claimed exemption under section 1105 of the D. C. Code, which provides, among other things, as follows: "The following property, being the property of the head of a family or householder residing in the District of Columbia, shall be exempt from distraint, attachment, levy, and sale on execution or decree of any court in the District: * * * All beds, bedding, household furniture, stoves, cooking utensils, and so forth, not exceeding three hundred dollars in value." [31 Stat. at L. 1362, chap. 854.]

On trial, the municipal court found defendant not entitled to the exemptions. From the judgment entered in favor of plaintiff, defendant appealed to the supreme court of the District, where the judgment was reversed. From that judgment this appeal was taken.

*Mr. James P. Schick,* for the appellant, in his brief cited:

Code, D. C. secs. 1229, 1230, 1105; Conn. Gen. Laws, sec.

907; Texas Civil Code, art. 2335; *Alsup* v. *Jordon,* 69 Tex. 304; *Bond* v. *Tucker,* 65 N. H. 165; *Bourne* v. *Merritt,* 22 Vt. 429; *Connor* v. *Hawkins,* 2 S. W. 520; *Dains* v. *Prosser,* 32 Barb. 290; *Dodge* v. *Knight,* 16 S. W. 626; *Fletcher* v. *Staples,* 62 Minn. 471; *Heidenheimer* v. *Blumenkorn,* 56 Tex. 308; *Lamb* v. *King,* 73 N. H. 400; *McCoy* v. *Thompson,* 138 S. W. 1062; *Mueller* v. *Richardson,* 82 Tex. 361; *Schoenhofen Brewing Co.* v. *Merrion,* 67 Ill. App. 123; *Turrill* v. *McCarthy,* 114 Iowa, 681; *Weed* v. *Dayton,* 40 Conn. 296; *Wilcox* v. *Hawley,* 31 N. Y. 648; *Wright* v. *Pratt,* 31 Wis. 99; *Wygant* v. *Smith,* 2 Lans. 185; *Yates* v. *Carpenter,* 14 N. Y. Civ. Proc. Rep. 372.

*Mr. J. H. Adriaans,* for the appellee, in his brief cited:

*Betz* v. *Maier* (1896) 12 Tex. Civ. App. 219; *Re McManus* (1890) 87 Cal. 292; *Gregory* v. *Latchern* (1876) 53 Ind. 449; *Ramondi* v. *Cannatello* (1898) 26 W. L. R. 658; *Mark* v. *State* (1860) 15 Ind. 78; *Moyer* v. *Drummond* (1889) 32 S. C. 165; *Weed* v. *Dayton* (1873) 40 Conn. 293; *Abraham* v. *Davenport* (1887) 73 Iowa, 111; *Society* v. *Goode* (1897) 101 Iowa, 160; *Davidson* v. *Sechrist* (1882) 28 Kan. 324; *Betz* v. *Maier* (1896) 12 Tex. Civ. App. 219; *Radcliff* v. *Wood* (1857) 25 Barb. 52; *Rutledge* v. *Rutledge* (1874) 67 Tenn. 33; *Wright* v. *Pratt* (1872) 31 Wis. 99; *Servanti* v. *Lusk* (1872) 43 Cal. 238; *Heckle* v. *Grewe* (1888) 125 Ill. 58; *Wallingsford* v. *Bennett* (1881) 1 Mackey, 303; *Sterman* v. *Hahn* (1913) 141 N. W. 934; *Simpson* v. *Simpson* (1857) 30 Ala. 225; *Bingham* v. *Maxey* (1853) 15 Ill. 290; *McCluskey* v. *McNeely* (1846) 8 Ill. 578; *Rosenblott* v. *Mallett* (1900) 28 W. L. R. 169.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

While an attempt was made by defendant to prove that he occupied the apartments at different times as places of residence for himself and family, this proof totally failed, in the

light not only of defendant's own testimony on cross-examination, but of the testimony of other witnesses. It is clearly established that defendant rented the apartments unfurnished at the rate of $45 per month each, furnished them, and sublet them at the rate of $65 per month each, and that he, with his family, resided at 1437 Rhode Island avenue, northwest, this city. The question is, therefore, squarely presented, whether furniture not used by a debtor or his family for their own household purposes, but for commercial purposes, is exempt from execution, to the amount of $300, under the statute.

Exemption statutes of this sort have for their object the protection of the family of the householder. The term "household furniture" has been generally held to refer to furniture in use in the household or place of residence of the debtor, and not furniture used for commercial purposes or as a source of profit. We think the statute clearly implies such interpretation. For example, it would hardly be contended that a furniture dealer, entitled to an exemption as a merchant of stock in trade to the value of $200 under the statute, would also be entitled to an additional exemption from the same stock of $300. Nor that coal kept for sale by a coal dealer would be exempt as "fuel for three months," or that groceries on sale in a store are exempt as "provisions for three months' support." In New Hampshire it was held that meat kept by a debtor for sale, and not to be consumed as provision for the support of his family, was not exempt from attachment as "provisions." *Bond* v. *Tucker,* 65 N. H. 165, 18 Atl. 653.

In *Weed* v. *Dayton,* 40 Conn. 293, under a statute substantially the same as ours, the court, considering its application to furniture belonging to a boarding-house keeper, said: "The statute secures to the debtor and his dependent family the personal use by him and them of such household furniture as is essential to their personal comfort. * * * Mere boarders are not such within the meaning of the statute. Furniture used by them for a compensation, and useful to the debtor himself only as a means of profit, is not protected from attachment."

In *Heidenheimer Bros.* v. *Blumenkron,* 56 Tex. 308, the

court, defining the term "all household and kitchen furniture" as used in the Texas statute, said: "The exemption of 'all household and kitchen furniture' would not include any other than furniture for the family, such as might be on hand and used by it. Household and kitchen furniture used in hotels and restaurants, beyond that which is used by the family, is not included in the exemption." This holding was approved in *Mueller* v. *Richardson,* 82 Tex. 361, 18 S. W. 693.

Not only was this furniture not exempt under the statute, but it appears that defendant at this time was living with his family in a furnished house. The "household furniture" to which the statute refers was contained in the house occupied by the debtor and his family as a residence. The furniture in question was not kept for the use of the family, but to enable defendant to sublet the apartments at a profit. Such a use does not come within the limitations of the statute. "It nowhere appears that the property in question was 'kept and used by the debtor and his family' or 'kept for' their use. For aught that appears, the property in question may be a part of the stock of a furniture store, or of a second-hand store, or of a hotel or furnished flats in which his family do not reside." *Fletcher* v. *Staples,* 62 Minn. 471, 64 N. W. 1150.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.                              *Reversed and remanded.*