In re Michael Edward REISNOUR; Wanda Jean Reisnour; Reisnour's Truck Repair; B & R Truck Repair, Debtors.

Civ. No. A3–85–111.

United States District Court,
D. North Dakota,
Southeastern Division.

Dec. 18, 1985.

Terence J. Paulson, Hjellum, Weiss, Nerison, Jukkala, Jamestown, N.D., for debtors.

David L. Johnson, DeMars, Turman & Johnson, Fargo, N.D., for trustee.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

The debtors, Wanda and Michael Reisnour, have appealed an order of the bankruptcy court disallowing property exemptions claimed by Michael Reisnour in lieu of the homestead exemption. The court held in cases of a joint filing for relief under Chapter 7, use of the North Dakota homestead exemption by one joint debtor to exempt both debtors' interest in the homestead precludes the other joint debtor from exempting property "in lieu of the homestead." Debtors contend the bankruptcy court's decision misconstrues both federal bankruptcy and North Dakota law.

### Discussion

Title 11 of the United States Code, section 522(d) provides for property exemptions available under federal law in a bankruptcy case. Section 522(b) also gives states the ability to "opt-out" of the federal exemptions and require debtors to use the exemptions established by state law. North Dakota has elected to exercise this option. Residents of North Dakota are limited to claiming exemptions allowable under North Dakota law. N.D.CENT. CODE § 28–22–17 (Supp.1983).

Among the exemptions available under North Dakota law are the "homestead exemption" and the "in lieu of homestead exemption."[1] The homestead, as defined by North Dakota law, is absolutely exempt from all process, levy or sale. N.D.CENT. CODE § 28–22–02(7) (Supp.1983). North Dakota residents also have the option to exempt property up to a total value of $7,500.00 in lieu of the homestead exemption. N.D.CENT.CODE § 28–22–03.1(1) (Supp.1983). However, exercising the homestead exemption necessarily precludes an individual debtor from exercising the in lieu of homestead exemption.

The joint debtors in this case have attempted to "stack" the homestead and in lieu of homestead exemptions by having Wanda Reisnour exempt the entire value of the debtors' real property under the homestead exemption while Michael Reisnour exempted additional property under the in lieu of homestead exemption. Debtors assert this was proper because Michael Reisnour did not claim the homestead exemption and federal bankruptcy law, 11 U.S.C. § 522(m), requires that joint debtors be allowed to exercise their exemptions independently.

■ Where joint debtors are claiming a homestead exemption, N.D.CENT.CODE § 47–18–03 (Supp.1983), provides:

SELECTION OF HOMESTEAD EXEMPTION. If a homestead claimant is married, the homestead may be selected from the separate property of either spouse, *with the consent of the other spouse.* (Emphasis added).

Wanda and Michael Reisnour own their homestead as joint tenants, each holding an undivided one-half interest. In their bankruptcy petition the Reisnours listed the value of their homestead at $36,750.00. Although Wanda Reisnour held only an undivided one-half interest in the property, she claimed the full value as exempt from creditors' claims, which she was allowed to do but only with the consent of her spouse. N.D.CENT.CODE § 47–18–03 (Supp.1983).

---

1. These exemptions are set out below.

**28–22–02 [Absolute Exemption].** The property mentioned in this section is absolutely exempt from all process, levy, or sale:

\* \* \* \* \* \*

7. The homestead as created, defined and limited by law.

**28–22–03.1. [Additional exemptions for residents.]** In addition to the exemptions provided herein, a resident of the state may select:

1. In lieu of the homestead exemption, up to seven thousand five hundred dollars.

\* \* \* \* \* \*

Michael Reisnour having given his implicit consent, he has allowed his interest in the homestead to be utilized as an exemption and § 28–22–03.1(1) is no longer available to him. The plain language of the law clearly indicates it is an "in lieu of" exemption and cannot be construed to be an additional exemption.

Nor does section 522(m) of Title 11, United States Code, compel a different result. North Dakota has elected to limit state residents to the exemptions provided by North Dakota law. N.D.CENT.CODE 28–22–17 (Supp.1983). Although 11 U.S.C. § 522(m) allows joint debtors to exercise their exemptions independently, that section does not apply where a state has "opted out" of the federal exemptions and limited its residents to state exemptions. *See In re Granger*, 754 F.2d 1490, 1491–92 (9th Cir.1985); *First National Bank v. Norris*, 701 F.2d 902, 905 (11th Cir.1983). *But see Cheeseman v. Nachman*, 656 F.2d 60, 64 (4th Cir.1981).

IT IS ORDERED the order of the bankruptcy court entered March 28, 1985, 49 B.R. 406, disallowing a N.D.CENT.CODE § 28–22–03.1(1) property exemption claimed by Michael Reisnour is affirmed.