**In re Alfred Emil JANZ and Irene Catherine Janz, Debtors.**

**Bankruptcy No. 86–05984.**

United States Bankruptcy Court,
D. North Dakota.

May 7, 1987.

Sheldon Smith, Bismarck, N.D., for debtors.

Orlin Bakkes, Minot, N.D. for Burton Hutton.

Phillip Armstrong, Minot, N.D., Trustee.

William Westphal, Minneapolis, Minn., U.S. Trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the court concerns objections to exemptions as claimed by Chapter 7 debtors, Alfred and Irene Janz (Debtors). The Debtors filed their petition on November 14, 1986, and the first meeting of creditors was held December 22, 1986. Phillip Armstrong, Chapter 7 trustee, objects to the Debtors' exemptions to the extent they exceed the $5,000.00 exemption allowed by section 28–22–03 of the North Dakota Century Code. Burton Hutton also filed an objection on April 20, 1987, raising allegations similar to those of the trustee. The Debtors have asked that the Hutton objection be dismissed as it was not timely filed pursuant to Bankruptcy Rule 4003(b). Inasmuch as the Hutton objections are similar to those of the trustee, the court finds it unnecessary to address the Debtors' request. The trustee and the Debtors stipulated to have this matter decided, without hearing, on the basis of the petition, case file, crop share agreement, and briefs.

The Debtors, husband and wife, are retired farmers. On October 24, 1984, the Debtors sold 480 acres of real estate to Donald and Beverly Janz, with the Debtors reserving a lifetime one-third crop share entitlement. This interest is valued on the Debtors' petition at $5,000.00 per year. The Debtors also have notes receivable from Donald Janz valued on the petition at $25,000.00.

The Debtors claim an exemption in their homestead, valued at $30,000.00, pursuant to section 28–22–02(7) of the North

Dakota Century Code. The Debtors claim an exemption of $5,000.00 per year in the proceeds from the crop share agreement as well. This exemption is claimed pursuant to section 28–22–02(6), which provides for an exemption in the following:

The provisions for the debtor and his family necessary for one year's supply, either provided or growing, or both, and fuel necessary for one year.

N.D.Cent.Code § 28–22–02(6) (Supp.1985). Exemptions for food, fuel and provisions for a specific period of time are common in many states. However, upon researching these provisions in other states, as well as in North Dakota, this court has been unable to find any instance where the exemptions for six months or a year's worth of supplies and provisions, were allowed to be stacked to constitute a perpetual exemption. *See, generally*, 31 Am.Jur.2d *Exemption* §§ 77, 78 (1967). Moreover, section 28–22–02(6) by its language is *in kind, in specie* exemption, pertaining only to provisions and fuel. The Debtors' position that they are entitled to exempt cash to be received or other property with a dollar amount equal to provisions of section 28–22–02(6) cannot be recognized. To recognize the Debtors' position as to provisions and fuel, would also require that this court recognize similar arguments regarding pews, burial grounds, books, and perhaps even crops in grain grown on 160 acres. *See* N.D.Cent.Code § 28–22–02(Supp.1985). The court does not believe the legislature intended, as is apparent from the *in specie* language of many exemption statutes, that the Debtors exempt additional properties, with a value equal to *in specie* property which they may not have. Section 28–22–02(6) is clearly an *in specie* exemption and must be considered as such.

■ The Debtors also claim an exemption in a $7,500.00 note from Donald Janz, pursuant to section 28–22–03.1. Section 28–22–03.1 provides as follows:

28–22–03.1. Additional absolute exemptions for residents. In addition to the exemptions from all attachment or process, levy and sale upon execution, and any other final process issued from any court, otherwise provided by law, a resident of the state may select:

1. In lieu of the homestead exemption, up to $7,500.00.

\* \* \* \* \* \*

N.D.Cent.Code § 28–22–03.1 (Supp.1985).

This court has previously held, as has the United States District Court, that in the cases of joint filing for relief under Chapter 7, the use of the North Dakota homestead exemption by one joint debtor to exempt both debtors' interest in the homestead, precludes the other joint debtor from exempting property "in lieu of homestead" pursuant to section 28–22–03.1 of the North Dakota Century Code. *In Re Reisnour*, 49 B.R. 406 (Bankr.D.N.D.1985), *aff'd*, 56 B.R. 225 (D.N.D.1985). In as much as the Debtors are claiming a homestead exemption in their personal residence, they are prohibited from claiming an additional $7,500.00 exemption pursuant to the "in lieu of" exemption under North Dakota Century Code § 28–22–03.1.

This court is well aware of the financial adversity incumbent upon residents of a rural agricultural based state such as North Dakota. The court is particularly sympathetic with elderly individuals, such as the Debtors, who have likely spent their entire livelihood engaged in farming pursuits. However, the bankruptcy court does not have the power to change commodity prices, lower interest rates, lower costs, nor does it have the power to ignore state law. North Dakota's exemption statutes are among the most liberal in the country, and as such, in all likelihood provide debtors with more protection than they would have elsewhere. However, there is also a limit to the extent of the North Dakota exemption laws, as is apparent by this court's discussion herein.

Accordingly, and for the reasons stated herein, the Debtors' claimed exemptions in the $5,000.00 per year income from the crop share agreement, and the $7,500.00 note from Donald Janz, are DISALLOWED.

IT IS SO ORDERED.