FIRST NATIONAL BANK OF WAHOO, Appellant,

v.

W. Edward PLIHAL, Debtor, Appellee.

No. CV 88–L–159.

Bankruptcy No. 87–40057.

United States District Court, D. Nebraska.

July 3, 1989.

Donald L. Swanson, Omaha, Neb., for debtor-appellee.

Billie L. Johnson and Steven J. Woolley, Omaha, Neb., for appellant.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on appeal from the determination by the United States Bankruptcy Court for the District of Nebraska that Neb.Rev.Stat. § 25–1556(2) (Reissue 1985) allows an exemption for growing crops. I find that § 25–1556(2) does not allow an exemption for growing crops, and therefore, reverse the decision of the Bankruptcy Court.

### FACTS

The appellee filed a Chapter 7 bankruptcy petition on September 29, 1987. On Schedule B–4 of his petition, the appellee claimed an exemption under § 25–1556 in the amount of $4,200.00 as provisions for six months' support. At this time, the appellee did not specify what property would be used for that exemption. In November of 1987, however, the appellee filed an amendment to his claim of exemptions in which he amended his Schedule B–4 by claiming $4,200.00 worth of his 1987 crops as exempt under his classification of the same as necessary provisions for six months' support.

The appellant filed an objection to the amended exemptions. On January 7, 1987, the Bankruptcy Court overruled the appellant's objections, and found the crops exempt as provisions necessary for the appellee's support under § 25–1556(2). The only issue remaining was for the parties to agree on the dollar amount needed for the appellee's monthly living expenses. This issue was decided on February 23, 1988, when the parties entered into a stipulation and agreement which designated $4,200.00 as the dollar amount required by the appellee as provisions necessary for six months' support, and which also designated the order of the Bankruptcy Court as final for appeal purposes. The appellant then filed a notice of appeal.

### ISSUES

The appellant states the issues on appeal as follows:

1. Whether the Bankruptcy Court erred in concluding that the Neb.Rev.Stat. § 25–1556(2) (Reissue 1985) exemption for "provisions" permits an exemption for growing crops;

2. Whether the Bankruptcy Court erred in finding that the growing crops claimed exempt by the appellee were "necessary" for the support of the appellee as require by § 25–1556(2); and

3. Whether the appellee, if he intentionally or with reckless disregard for the truth undervalued an asset on his schedules, should be allowed to amend his claim of exemptions to claim a portion of the previously undervalued property as exempt after the trustee has taken steps to realize the value of that property for the estate.

## DISCUSSION

■ This Court may review the Bankruptcy Court's legal conclusions *de novo*, but the Bankruptcy Court's findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985).

■ The Court must first address the issue of whether the Bankruptcy Court erred in its legal conclusion that the exemption for "provisions" in § 25–1556(2) permits an exemption for growing crops.

Section 25–1556 states:

No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state: ... (2) ... the provisions for the debtor and his family necessary for six months' support, either provided or growing, or both; ....

In this case, the Bankruptcy Court interpreted this portion of the statute to mean that the appellee's crops and the proceeds from those crops were provisions which were necessary for the appellee's support. The Bankruptcy Court stated at the hearing on the objection to the amended exemptions:

I have previously ruled that, at least livestock, I don't recall the crop issue, but a certain amount of livestock could be treated as exempt property under that statute, § 25–1556, for the purpose of providing support and I agree with Mr. Prentiss, particularly with the specific language, referring to provisions for the debtor and the family necessary for six months' support either provided or growing or both. These are farmers. They do have some things that grow, it could be livestock or it could be crops, and it doesn't necessarily have to be crops that they can harvest to eat themselves such as popcorn or something else like that. It can be crops that they can sell to provide themselves with funds for living.

In regard to the livestock issue (which is not specifically an issue in this case, but which was mentioned by the Bankruptcy Court as a comparison, and which this Court believes relates to the growing crops issue), Nebraska used to have a specific statutory exemption for livestock. Neb. Rev.Stat. § 25–1556 (Reissue 1956) stated in relevant part:

No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state and the head of a family; ... (6) one cow, three hogs, and all pigs under six months old, and if the debtor be at the time actually engaged in the business of agriculture, in addition to the above, one yoke of oxen, or a pair of horses, in lieu thereof; ten sheep, and the wool therefrom, either in the raw material or manufactured into yarn or cloth; the necessary food for the stock mentioned in this section, for the period of three months; one wagon, cart or dray, two plows and one drag; necessary gearing for the team herein exempted; and other farming implements not exceeding $50.00 in value; (7) the provisions for the debtor and his family necessary for six months' support either provided or growing, or both, and fuel necessary for six months....

At the time this statute was in effect, it appears as though the legislature intended that a certain amount of livestock be exempted separate from the exemption allowed for provisions for six months' support. Thus, this Court concludes that by separating the two, the legislature did not intend that a debtor be allowed to exempt livestock as "provisions" for six months' support. The Court further concludes that by amending the statute to omit the exemptions for the specific livestock mentioned, the legislature intended to deny an exemption for livestock altogether.

■ This Court also concludes that in regard to the current version of § 25–1556, the Nebraska legislature did not intend to allow a debtor's crops to be exempt as provisions necessary for six months' support. The Random House Dictionary of the English Language, 2d ed. defines "pro-

visions" as "supplies of food." The appellee's crops are not supplies of food. The appellee and his family cannot eat the crops. Rather, the crops are grown by the appellee specifically for the purpose of selling the crops, and only the proceeds from the sale of such crops can be used to provide the necessities for the appellant and his family. If the legislature had intended to allow an exemption for such proceeds, a court would then have to interpret the statute to allow anything which could be sold to provide cash for the family to be exempt as "provisions" necessary for six months' support. Certainly this is not the intent of the legislature, as is clear by the nature of all the exemption statutes read as a whole. Nothing may be exempted unless it is specifically mentioned in the statutes.

Although there are no Nebraska cases which construe the exemption language at issue in this case, courts in other jurisdictions have held that the term "provisions" refers to food or food stuffs which a debtor can show are actually being or will be eaten by his family. *Wilson v. McMillan,* 80 Ga. 733, 6 S.E. 182, 183 (Ga.1899); *Phelan v. Lacey,* 151 P. 1070, 1071 (Okla.1915); *In re Lentz,* 97 F. 486, 487 (D.S.D.1899); *Bond v. Tucker,* 65 N.H. 165, 18 A. 653 (1889). *See also In re Janz,* 74 B.R. 32 (Bkrtcy.D.N.D.1987).

Because this Court has concluded that the appellee may not claim $4,200.00 worth of crops as exempt under § 25–1556(2) as provisions necessary for six months' support, it is unnecessary to consider the other issues stated by appellant as issues on appeal.

### CONCLUSION

For the reasons stated above, the Court finds that the decision of the Bankruptcy Court should be reversed.

IT THEREFORE IS ORDERED that the decision of the Bankruptcy Court is reversed, and that the appellee may not claim an exemption for growing crops under Neb.Rev.Stat. § 25–1556(2). This matter is remanded to the Bankruptcy Court for all necessary proceedings consistent with this opinion.