**In the Matter of Richard F. DANA and Suzanne Dana, Debtor.**

**Bankruptcy No. BK89–40710.**

United States Bankruptcy Court, D. Nebraska.

Sept. 27, 1990.

Lance J. Johnson, Bruning, Neb., for creditors.

Albert P. Burnes, Omaha, Neb., for debtors.

## MEMORANDUM

JOHN C. MINAHAN, Bankruptcy Judge.

THIS MATTER comes before the court upon Debtors' Notice of Lien Avoidance (Fil. # 20). Geo Virus, Inc. and Superior–Deshler Co. have filed Objections to Lien Avoidance (Fil. # 37 and Fil. # 38). Parties have filed a stipulation of facts (Fil. # 64).

Debtors seek to avoid liens in approximately 2,400 bushels of corn and 520 bushels of wheat under 11 U.S.C. § 522(f). The debtors claim the corn as exempt under Neb.Rev.Stat. § 25–1556 (1989) as provisions for debtors and their family necessary for six months support. Debtors claim the wheat as exempt under Neb.Rev. Stat. § 25–1552 (1989), the in lieu of homestead exemption. Debtors assert that the creditors' liens impair these exemptions and that the liens may be avoided under § 522(f). The creditors assert that the wheat and corn are not exempt under Nebraska law and that the liens are not avoidable under § 522(f). The Objections to Lien Avoidance are sustained.

The first question is whether the exemption under Neb.Rev.Stat. § 25–1556, for "provisions necessary for six months," permits an exemption for growing crops. The issue of whether the § 25–1556 exemption for provisions necessary for six months includes growing crops was decided by the District Court in *First National Bank of Wahoo v. Plihal,* 136 B.R. 810 (D.Neb. June 30, 1989). For the reasons stated in *First National Bank of Wahoo v. Plihal,* the debtors are not entitled to an exemption for the corn under Neb.Rev. Stat. § 25–1556 as provisions necessary for six months support. Since the corn cannot be exempt under § 25–1556, it follows, that the debtors cannot avoid the lien in the corn under 11 U.S.C. § 522(f) because the lien does not impair an exemption. Furthermore, the lien in the corn is enforceable according to its terms.

The next issue is whether the debtors can avoid the lien in the wheat under 11 U.S.C. § 522(f). The in lieu of homestead exemption under Neb.Rev.Stat. § 25–1552 (1989) may apply to any personal property of the debtors. Because the wheat is personal property it may be claimed as exempt under this provision. The fact that the wheat may be exempt under Nebraska law does not end our inquiry. The question remains as to whether the lien in the wheat may be avoided under 11 U.S.C. § 522(f).

The lien on the wheat may be avoided only if the requirements of 11 U.S.C. § 522(f)(2) are satisfied. Under that section a nonpossessory nonpurchase-money security interest in crops that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor may be avoided. Debtors are engaged in the business of farming. Since, there has been no suggestion that the wheat is primarily for the personal family or household use of the debtors the conditions of § 522(f) are not satisfied. In *In re Simmons,* 86 B.R. 160 (Bankr.S.D.Iowa 1988), the court allowed the debtors to avoid a lien in cattle under § 522(f) only to the extent the debtors were able to show that the family would actually consume the meat within one year. *Id.* at 164. *See also In re Thompson,* 750 F.2d 628 (8th Cir. 1984), holding that a nonpurchase-money security interest in pigs is not avoidable. Debtors have not shown that they will consume any part of the 520 bushels of wheat

within one year or otherwise. Accordingly, I conclude that even though the 520 bushels of wheat are exempt under Nebraska law, the lien is not avoidable because § 522(f) only applies to items which will actually be used or consumed in kind. A debtor may not avoid a lien under § 522(f) in items that the debtor intends to sell, even if the proceeds are primarily for the personal, family, or household use of the debtor. Similarly, if the 2400 bushels of corn had been exempt under Nebraska law, the lien would not be avoidable under § 522(f). Since the lien in the wheat is not avoidable, the lien is enforceable. A consensual lien may be enforced against exempt property.

The creditors have also objected to lien avoidance on the grounds that their liens are purchase money liens that cannot be avoided by 11 U.S.C. § 522(f). Because the objection to lien avoidance is sustained on other grounds, it is unnecessary to consider this issue.

A separate order in conformity herewith shall be issued contemporaneously with this journal entry.