**In the Matter of Roland and Lorna KNOX, Debtors.**

**Bankruptcy No. 92–41340.**

United States Bankruptcy Court, D. Nebraska.

March 18, 1994.

Richard A. Koehler, Butler, MO, for debtors.

John A. Wolf, Chapter 7 Trustee/Atty, Grand Island, NE.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Trustee's Objection to Debtors' Exemptions and the debtors' Amended Request to be able to receive Exempt Property. Although the Trustee's Objection appears meritorious under both federal and state law, I conclude that under *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Trustee is barred from objecting to exemptions beyond the objection deadline. Thus, the exemptions claimed by the debtors will be allowed, and the debtors may receive the exempt property. I further conclude that this is not an appropriate case in which to impose sanctions against the debtors or debtors' counsel, even though the claimed exemptions are without merit under applicable state law.

On Bankruptcy Schedule C, the debtors claim certain property as exempt pursuant to Neb.Rev.Stat. § 25–1556(2), including $6,542.00 as "provisions for the debtors necessary for six months support," and $2,260.00 as "fuel necessary for six months." Schedule C also contains a notation at the bottom in regard to these two entries which indicates that the $6,542.00 for provisions and the $2,260.00 for fuel would be claimed from the sale proceeds of equipment and machinery to be sold by the Trustee. It is conceded by the Chapter 7 Trustee and the debtors that there existed no actual provisions or fuel on hand in the debtors' possession or control on the date of bankruptcy. The debtors assert the right under Neb.Rev.Stat. § 25–1556(2) to claim as exempt the proceeds from property sold by the Trustee. The debtors also assert that the objection of the Trustee is untimely under the decision of *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In response, the Trustee asserts that the debtors can not claim the personalty exemption of Neb.Rev. Stat. § 25–1556(2) in proceeds.

█ I conclude that the decision of *Taylor v. Freeland & Kronz* is controlling. In *Tay-*

*lor,* the Supreme Court held that the Trustee or a party in interest could not object to an exemption beyond the deadline set for such objections unless an extension was granted by the court, even where the debtor was not entitled to the claimed exemption. *Taylor,* 112 S.Ct. at 1648. In the present case the Trustee failed to object to the claimed exemptions within the time set by the court, and therefore the Trustee is prevented from objecting to the exemptions at this time.

The court concludes that the notation on Schedule C indicating that the exemptions for provisions and fuel were to be claimed from the proceeds of sale of other nonexempt property was sufficient to put the Trustee on notice of grounds for objecting to the exemptions. Schedule C also specifically identified the amount of proceeds that were to be claimed as exempt. As a result, Schedule C was unambiguous. The Trustee was aware that the proceeds from which the exemptions would be claimed were not on hand at the time of bankruptcy, and were to come from the subsequent sale of nonexempt equipment and machinery by the Trustee himself. Given these facts, this case is distinguishable from the situation where a debtor claims a generic exemption to which a Trustee could not be expected to object until the property claimed as exempt is specifically identified. Here the Trustee knew of the amount of the exemptions and that these exemptions were to be claimed from proceeds of nonexempt property, and thus had sufficient information to object to the claimed exemptions within the time limit set by the court.

The court is aware of cases making inroads on the *Taylor* decision. For example, the Ninth Circuit has held that exemptions claimed using ambiguous terms such as "all" or "homestead," will be resolved against the debtors. See *In re Hall,* 1 F.3d 853 (9th Cir.1993); *In re Hyman,* 967 F.2d 1316 (9th Cir.1992). However, I conclude that this is not such a case. The notation on Schedule C as to proceeds, the specified dollar amount, and the underlying facts of this case make the exemptions for fuel and provisions claimed by the debtors on Schedule C unambiguous. Therefore, I conclude that the Objection of the Trustee is overruled as untime-

ly. The debtors' Amended Request to be Able to Receive Exempt Property is granted.

The question remains whether any action should be taken by the court because the exemptions claimed by the debtors were without merit under existing state law. Pursuant to Bankruptcy Rule 9011, a party or the party's attorney may be sanctioned if a pleading he or she signed is not well grounded in fact, not warranted under existing law, or is not supported by a good faith argument for an extension, modification, or reversal of existing law. See Bankruptcy Rule 9011.

 In *First National Bank of Wahoo v. Plihal,* 136 B.R. 810 (D.Neb.1989), Judge Cambridge held that the exemption provided in Neb.Rev.Stat. § 25–1556 may only be asserted in regard to actual provisions which the debtor has on hand at the time of bankruptcy. *Id.* at 812–13. The term "provisions" refers to "supplies of food" not proceeds or livestock. *Id.* A debtor in bankruptcy does not have the right to assert the exemption for proceeds of other non-exempt property. *Id.* Since the debtors in this case did not have provisions on hand at the date of bankruptcy, under the *Plihal* decision it is clear they were not entitled to the personalty exemption of Neb.Rev.Stat. § 25–1556. Debtors' counsel is deemed to be aware of this decisional law. In his brief, debtors' counsel argues that the holding of the *Plihal* decision is erroneous. I conclude that this argument is without merit. However I conclude that the argument by debtors' counsel, though faint in color, is of sufficient basis to preclude imposition of sanctions. The rule as to proceeds under § 25–1556 is established by decisional law rather than statutory law. Furthermore, the precise issue presented by this case has not been considered directly by the Nebraska Supreme Court. The *Plihal* decision was decided by the federal district court, and while it has been consistently followed, it has not gone unchallenged. Therefore, I conclude that there does exist a colorable basis for arguing for the reversal of the *Plihal* decision, but I find such argument to be without merit. As a result, I will not impose sanctions upon the debtors or their counsel. My decision is, in part, due to the fact that Bankruptcy Schedule C clearly and

explicited set forth the claimed exemption, and the property from which it would be claimed. There was no attempt to obfuscate or conceal the basis for the exemption.

A separate order will be entered contemporaneously herewith.