**In re David J. GLIMCHER, Debtor.**

**No. 2:11–bk–15333–RJH.**

United States Bankruptcy Court, D. Arizona.

Oct. 18, 2011.

Carolyn J. Johnsen, Jennings Strouss and Salmon PLC, Phoenix, AZ, for Debtor.

OPINION AND ORDER DENYING EXEMPTION OF GIFT CARDS

RANDOLPH J. HAINES, Bankruptcy Judge.

Debtor has claimed that a $10,000 Safeway gift card is exempt as constituting six months of "food, fuel and provisions," and the Chapter 7 Trustee and PNC Bank have objected. The Court sustains their objections because a gift card is neither

16. *Id.* at 636.

"food," "fuel" nor "provisions," nor were any such food, fuel or provisions "actually provided" to the Debtor as of the petition date.

## Background Facts

Pursuant to A.R.S. § 33–1124,[1] the Debtor claimed as exempt six months' worth of food, fuel and provisions, which he valued as "unknown." The day before filing his bankruptcy petition, the Debtor purchased a $10,000 gift card at a local grocery store, Safeway. The Debtor did not list this gift card, or any receivable from Safeway, as an asset on his Schedule B. The Trustee found out about the gift card when he discovered the $10,000 check written to Safeway. It was only when he inquired of the debtor what this $10,000 check had been written for that he was informed the Debtor claimed the gift card to constitute the "food, fuel and provisions" that the Debtor had listed on his Schedules B and C with an "unknown" value.

The Trustee and PNC objected to the Debtor's claimed exemption for six months of food, fuel, and provisions and asked that the Court order the Debtor to turn over the gift card to the Trustee. After briefing and argument, and while this objection was under advisement, the Trustee filed a supplemental pleading indicating he had learned the Debtor had purchased a second $10,000 Safeway gift card on the day of the bankruptcy filing.

## Analysis

The Debtor argues that Arizona law requires exemption statutes to be liberally construed in favor of the Debtor to advance their purpose. He further argues that since the purpose of A.R.S. § 33–1124 is to allow an exemption for food and fuel "in order to facilitate the Debtor's fresh start," it is reasonable to conclude that an individual debtor may exempt up to six months' worth of prepaid cards that can be used for food and fuel. The Debtor argues that few individuals have the capability to store six months worth of food, and it would be dangerous to expect a Debtor to store six months worth of fuel, so the exemption statute should be construed to permit the exemption of an asset that is more convenient and safer to convert into food and fuel.

The Trustee and PNC Bank argue that the gift cards are not exempt because they are neither "food," "fuel" nor "provisions." Because the gift cards could be used to purchase things other than food and fuel, they may not "actually provide" food and fuel, and they are the functional equivalent of cash. And they note that the exemptions statutes permit the exemption of only $150 cash in a bank account.[2]

■ The Court concludes that Arizona law does not provide an exemption for gift cards, or for any receivable or prepaid deposit other than a bank deposit of $150 and certain insurance and annuity proceeds.

■ The Court recognizes that exemption statutes are to be liberally construed in favor of the Debtor.[3] However, even with a liberal construction, A.R.S. § 33–

---

**1.** Arizona Revised Statutes ("A.R.S.") § 33–1124 provides, in its entirety: "All food, fuel and provisions actually provided for the debtor's individual or family use for six months are exempt from process." Pursuant to A.R.S. § 33–1133(B), Arizona has "opted out" of the Bankruptcy Code exemptions as permitted by 11 U.S.C. § 522(b)(2).

**2.** A.R.S. § 33–1126(A)(9).

**3.** *In re Allman,* 286 B.R. 402, 404–05 & n. 5 (Bankr.D.Ariz.2002), citing *Matcha v. Winn,* 131 Ariz. 115, 638 P.2d 1361, 1363 (1981) ("the homestead laws should be interpreted liberally to advance the objectives of the statutes").

1124 cannot be seen to protect gift cards or other forms of receivables or deposits.

The legislature has been very explicit in identifying the specific assets, and form of assets, that are exempt. In general, the personal property exemption statutes do not exempt an asset based on either its source or what it could be converted into. For example, the Arizona Court of Appeals has held that cash is not exempt simply because it was derived from exempt wages. In *Frazer*, the Arizona Court of Appeals held that exempt earnings do not retain their exempt status after being deposited into the Debtor's bank account, because the Arizona legislature made a clear definitional distinction between "earnings" and "monies."[4] The Court further said that "earnings" transform into "monies" once they are disbursed into an employee's account. Similarly, in this case, "gift cards" cannot be included in the definition of "food" or "fuel" simply because the gift cards transform into "food" or "fuel" after they are taken to the store and redeemed in that fashion.

And when there is an exception to this specific identification of the form of an exempt asset, the legislature was very explicit about it. For example, the legislature did provide that when a homestead is sold the proceeds retain their exempt statutes for up to 18 months until converted into another homestead.[5] But the legislature did not exempt a savings account intended for the purchase of a homestead, or intended for the purchase of food, fuel and provisions.

Indeed, the legislature was particularly emphatic in exempting only the current form of an asset in the case of food, fuel and provisions. It is hard to conceive any other meaning or purpose of the "actually provided" language of § 33–1124. This language must have been intended to limit this particular exemption to "actual" food and fuel, as distinguished from either potential or future food or fuel. The Debtor has not suggested any other distinction the "actually provided" restriction could have been intended to make. What other distinction could the legislature have had in mind when it imposed this limitation? It probably was not worried that someone might attempt to exempt "virtual" food and fuel, a concept that probably did not exist when the statute was written in 1913, even if it might exist today. And there would be no need to exempt fictional food or fuel, because neither the sheriff nor the creditors would have any interest or ability to levy on it.

The "actually provided" language raises the question why other exemptions are not similarly limited to assets that have been "actually provided." Why are not household furnishings, clothes, motor vehicles and tools of the trade similarly limited to those that have been "actually provided"? Perhaps the reason is that food and fuel are two kinds of assets that are most likely to exist in a potential state that must be grown, mined or processed before becoming "actual" food and fuel. Perhaps the legislature wanted to make explicit that seed crops, livestock,[6] unmined coal and standing timber are not exempt, to an unlimited dollar value, simply because they are ultimately intended to become food or fuel. That apparent distinction emphasizes the legislature's general purpose to exempt only assets in the state they exist

---

4. *Frazer, Ryan, Goldberg, Keyt & Lawless v. Smith*, 184 Ariz. 181, 907 P.2d 1384, 1388 (1995).

5. A.R.S. § 33–1101(C).

6. A.R.S. § 33–1125(3) exempts "horses, milk cows and poultry" not in excess of an aggregate fair market value of $500. A.R.S. § 33–1130(2) exempts "feed, seed, grain and animals" belonging to a farmer, but limited to an aggregate value of $2,500.

at the time of the levy (or the bankruptcy petition). That intent applies even more clearly with respect to a gift card or any prepaid deposit, even if its ultimate use is limited to conversion into some exempt form such as food or fuel.

Although Arizona has apparently not construed this particular language of its exemption statute, this construction is consistent with other courts' interpretations of similar language. For example, the District Court for the District of Nebraska noted that "other jurisdictions have held that the term 'provisions' refers to food or food stuffs which a debtor can show are actually being or will be eaten by his family." [7] The North Dakota Bankruptcy Court noted that such exemptions are common in many states but the statutory "language [provides only an] *in kind, in specie* exemption," so that debtor's attempt "to exempt cash to be received or other property with a dollar amount equal to [the] provisions" that are statutorily exempt "cannot be recognized." [8] It is also worth noting that some statutes exempt provisions "either provided or growing," [9] suggesting that Arizona's limitation to food and fuel "actually provided" was intended to exclude all potentially future food or fuel, whether in a potential state of "growing" or a potential state represented by a gift card.

This unambiguous plain language meaning of the statute precludes the bankruptcy court from even considering the Debtor's argument that it is inconvenient to store six months' of food, and unsafe to store six months of fuel. It is not for a court, especially a federal court, to provide more convenient or safer exemptions than did the legislature. But even if that argument were to be considered, it would not be convincing. The Court may take judicial notice that many members of at least one religious faith that is prominent in Arizona do in fact store far more than six months of food. I myself routinely store more than six months' of fuel at my house, in a 500 gallon propane tank that is filled only about once per year. And when the exemption statute was first written in 1913, the legislature probably had in mind either coal or wood, which are not inherently dangerous to store. The limitation of the exemption statutes to the actual, present forms of assets is certainly not absurd, even if most debtors do not own such assets.

Accordingly, the Court sustains the Trustee's and PNC's objections to Debtor's claimed exemption for the gift cards and for six months' worth of food, fuel, and provisions, except to the extent of edible food and consumable fuel actually in the Debtor's possession on the petition date.

IT IS ORDERED the Debtor shall turn over to the Trustee all gift cards and, to the extent they do not have a current redemption value that they had on the petition date, shall pay the difference to the Trustee in cash.

7. *First Nat'l Bank of Wahoo v. Plihal,* 136 B.R. 810, 813 (D.Neb.1989), citing *Wilson v. McMillan,* 80 Ga. 733, 6 S.E. 182, 183 (1888); *see also In re Lentz,* 97 F. 486, 487 (D.S.D. 1899); *Phelan v. Lacey,* 51 Okla. 393, 151 P. 1070, 1071 (1915); *Bond v. Tucker,* 65 N.H. 165, 18 A. 653 (1889).

8. *In re Janz,* 74 B.R. 32, 33 (Bankr.D.N.D. 1987).

9. *E.g.,* North Dakota's exemption statute 28–22–02(6) that was at issue in *Janz, supra;* the Nebraska exemption statute 25–1556 that was at issue in *Plihal, supra;* and the South Dakota statute 43–45–2(6) that was at issue in *Norwest Bank S.D. v. Hogg (In re Hogg),* 76 B.R. 735, 745 (Bankr.D.S.D.1987).